HENRY A. URQUHART, surviving partner, plaintiff in error, *vs.* D. E. POWELL, defendant in error.

1. That the name of a juror who tried the case was neither in the jury box nor on the list, is no ground for new trial.
2. When the evidence is conflicting, this court will not control the discretion of the court below in refusing a new trial on the ground that the verdict is contrary to the evidence.

New trial. Jury. Before Judge BUCHANAN. Coweta Superior Court. March Term, 1877.

The motion for new trial was based on substantially the following grounds:

(1.) Because the name of the juror who acted as foreman was not in the box nor on the list.

(2.) Because the verdict was contrary to law, evidence and the charge of the court.

The other facts are reported in the decision.

SPEER & SPEER; J. B. S. DAVIS; W. A. TURNER, for plaintiff in error.

P. H. BREWSTER, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant as the surviving partner of Powell & Urquhart, on an account for work and labor done for said firm. The defendant pleaded that the work and labor sued for was done by the plaintiff for his father, T. R. Powell, one of the alleged partners, under a contract with him that he should individually pay him therefor at a future day, and not for the firm. Upon this issue the case was tried, there being several witnesses introduced and sworn on both sides, whose evidence was distressingly conflicting. The jury, under the charge of the court, (which was not excepted to,) found a

verdict in favor of the plaintiff for the sum of $150.00. The defendant made a motion for a new trial on the several grounds therein stated, which was overruled by the court, and the defendant excepted.

1. The objection to the juryman after trial because his name was not on the jury list, is not an open question in this court.   40 *Ga. Rep.*, 253.

2. Whether the verdict was contrary to the charge of the court and the law, (presuming the court charged the law correctly,) and contrary to the evidence, depends entirely which set of witnesses the jury believed.   If the jury believed the plaintiff's witnesses, as it was their privilege to do, then the verdict was not contrary to the charge of the court, nor contrary to law or the evidence.   If the jury believed the plaintiff's witnesses, as they appear to have done, then there is plenty of evidence in the record to support the verdict.   In this conflict of testimony the jury of Coweta county, where the parties live, were much better calculated to judge of its credibility and weight than we possibly can be, and as the presiding judge, before whom the case was tried, appears to have been satisfied with the verdict, therefore, according to the repeated rulings of this court in similar cases, we will not interfere to control the exercise of his discretion in overruling the defendant's motion for a new trial.

Let the judgment of the court below be affirmed.