## Barnes v. The State.

1. If counsel for the accused makes the point that the solicitor-
general is misstating the testimony, when in fact he is not, and
applies to the court for interference, it is not error for the pre-
siding judge to rule and announce that the testimony was as the
solicitor-general had repeated it when the point was raised. *Wil-
liams* v. *Hart,* 65 *Ga.* 201; *Wiggins* v. *The State,* 80 *Ga.* 468.
2. The evidence, though conflicting, warranted the verdict.
May 16, 1892.                                      *Judgment affirmed.*

Criminal law. Practice. Evidence. Concealed weap-
ons. Before Judge MILLER. Houston superior court.
April term, 1892.

The indictment was for carrying concealed weapons.
The defendant was convicted, and excepted to the over-

ruling of his motion for a new trial.    At the trial Colbert testified that on a Sunday he was going in a wagon from church with the defendant, his wife, witness's wife, and some others ; defendant and witness quarrelled, and defendant drew a pistol out of his hip-pocket with his right hand just as he jumped out of the wagon ; he had his coat on; the pistol was taken from under the coat, and was concealed and not carried in an open manner and fully exposed to view ; defendant was sitting on the side of the wagon when he drew the pistol, was getting out of the wagon when he drew it, with one hand on the side of the wagon and his feet on the step of it. Lizzie Miller testified that she saw the defendant have the pistol in his hand before he got out of the wagon ; he did not get the pistol out of his pocket when he got out of the wagon, if he had she would have seen him ; she did not see the pistol in the box, but he had it in his hands when he got out of the wagon.    Rutherford, a witness for the defendant, testified that defendant did not get the pistol out of his pocket, but got it out of a goods box which was in the wagon and which defendant had used to carry dinner in to church ; witness saw the pistol in the box at the church, and it stayed there; when defendant got out of the wagon witness caught him and tried to keep him from having a fuss and carried him off twenty or thirty steps, and he said, " Turn me loose ; don't you see he is trying to kill me with the chair?" ; he jerked loose and ran back to the wagon and got the pistol out of the box, and then witness carried him off a piece from the wagon ; then he went back and he and Colbert hitched for a fight ; he got the pistol out of the box before witness carried him off; he did not draw it out of his pocket ; Colbert was drunk ; "he went off from the wagon and went back and got the pistol,—no, he got the pistol before he went off from the wagon with me ; he went off about twenty or thirty

feet." The defendant stated that he put the pistol in the box when he started from home, because he intended to go to his work about nine miles off; did not go to work but went on home in the wagon ; when he got out of the wagon he got the pistol from out of the box; did not get it out of his pocket ; did not carry it in his pocket; it was in the box until he got it out after he got out of the wagon.

The grounds for new trial are, that the verdict is contrary to law and evidence, and that the court erred as follows: The solicitor-general in argument stated that when the witness was first put upon the stand, he testified that the defendant jumped out of the wagon and went off some distance and then went back and got the pistol from the box in the wagon: The defendant's counsel objected to the making of this statement, whereupon the judge stated in the presence of the jury that he thought the witness had testified as contended by the solicitor-general, repeating the testimony.

M. G. BAYNE and T. S. FELDER, by brief, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, by brief, *contra.*