O'SHIELDS *v.* THE STATE.

A refusal to quash an indictment is no ground for granting a new trial. Even if it were, there was no error in refusing to sustain a motion to quash an indictment, made on the ground that the same was found and returned by a grand jury before whom no evidence had been introduced against the accused, the movant not sustaining the motion by evidence, nor offering any evidence for this purpose.                    *Judgment affirmed.*

June 12, 1893.

Indictment for larceny from the person. Before Judge RICHARD H. CLARK. Fulton superior court. Special term, February, 1893.

HARALSON & GOWDY, for plaintiff.

C. D. HILL, solicitor-general, *contra.*

———————

HUDSON *v.* THE STATE.    SMITH *v.* THE STATE.

The accused having been indicted and tried jointly for the crime of murder, and the evidence, though entirely circumstantial, being legally sufficient to warrant their conviction, and the court below being satisfied with the verdict rendered, this court will not reverse the judgments overruling motions for a new trial made severally by the accused, the only grounds thereof being that the verdict was contrary to law and the evidence, and neither motion complaining that any error of law was committed by the presiding judge.                    *Judgments in both cases affirmed.*

June 9, 1893. By two Justices.

Indictment for murder. Before Judge JENKINS. Putnam superior court. March term, 1893.

Hennie Hudson and her brother, Albert Smith, were jointly indicted and tried for the murder of Mon Hudson, husband of Hennie Hudson. At the trial each was permitted to introduce evidence as if being tried separately, and each was convicted with a recommendation to life imprisonment. They made motions for new trial, on the grounds that the verdict was contrary to law and