## DASHER *v.* THE STATE.

FISH, J.    1. The testimony so far as it bore upon the animus furandi was not of the strongest and most convincing character, but as to this and all the other issues involved the evidence was sufficient to warrant a verdict of guilty. This being so, and the conviction being approved by the trial judge, the Supreme Court, under the well-established rule, is constrained to allow the judgment to stand.

2. Taking into view all of the testimony relating to the alleged disqualification

ₗ of one of the jurors on the ground of non-residence, the court below was war-
ranted in reaching the conclusion that he had never lost his domicile in the
county wherein the trial took place.   On this point the decision of this court
in *Knight* v. *Bond*, 112 *Ga.* 828, is, in principle, controlling.

8. That a juror's name did not appear upon the jury book of the county affords
no cause for a new trial.  *Gormley* v. *Laramore*, 40 *Ga.* 253 ; *Anderson* v.
*Greene*, 46 *Ga.* 361; *Edwards* v. *State*, 53 *Ga.* 428 ; *Urquhart* v. *Powell*, 59
*Ga.* 721.   See also *Hill* v. *State*, 64 *Ga.* 452 ;  *Brown* v. *State*, 105 *Ga.* 640.
*Judgment affirmed.   All the Justices concurring.*

Argued February 18, — Decided March 25, 1901.

Indictment for simple larceny.   Before Judge Russell.   Lowndes
superior court.   January 8, 1901.

*G. A. Whitaker* and *J. M. Johnson,* for plaintiff in error.
*W. E. Thomas, solicitor-general,* contra.