## 4957. BARLOW *v.* THE STATE.

RUSSELL, J. 1. As appears from the record, the plea in abatement was filed after arraignment and the joinder of issue. "In order for the striking of a plea in abatement to furnish a ground for reversal, it must affirmatively appear that such plea was filed before arraignment; otherwise it will be presumed that the judgment of the court was right and

that the plea was filed after arraignment." *Moseley* v. *State*, 74 *Ga.* 404. See, also, State *v.* Easter, 30 Ohio St. 542 (27 Am. R. 478); State *v.* Sharp, 110 N. C. 604 (14 S. E. 504); State *v.* Rickey, 10 N. J. L. (5 Halsted, 83; State *v.* Hamlin, 47 Conn. 95 (36 Am. R. 54); United States *v.* White, 5 Cranch, C. C. 646 (Fed. Cas. 16679).

2. "The only objections which can be taken to grand jurors by plea in abatement must be such as would disqualify the juror to serve in any case. . . All other objections affecting the incompetency of the juror must be taken by challenge, if at all, and will not be heard after the time for challenging is past. Thus, it is not a good plea to an indictment for murder that a member of the grand jury which found the indictment was a nephew of the person who was murdered." Thompson & Merriam on Juries, § 535.

3. Although the evidence is circumstantial, and barely sufficient to exclude every other reasonable hypothesis than that of the defendant's guilt, no reasonable supposition can be drawn from it which will connect any other person than the defendant with the disappearance of the watch, which was proved to have been in a room of the prosecutor's house at the time that the accused entered it, and the loss of which appears to have been concurrent with the departure of the accused. *Sheffield* v. *State*, 1 *Ga. App.* 135 (57 S. E. 969).        *Judgment affirmed.*

DECIDED AUGUST 25, 1913.

Indictment for larceny from the house; from Fayette superior court—Judge R. T. Daniel. May 3, 1913.

*J. W. Culpepper,* for plaintiff in error.

*E. M. Owen, solicitor-general, J. W. Wise,* contra.