## PRESUMPTION THAT EVIDENCE WAS HEARD UPON WHICH AN INDICTMENT HAS BEEN BASED.

Common Pleas Court of Hamilton County.

STATE OF OHIO V. FRED SCHRODER AND DESHA FALKENSTEIN.

Decided, October 1, 1914.

*Criminal Law—Conclusiveness of Finding by Grand Jury with Respect to the Evidence Upon which an Indictment Has Been Returned—Plea in Abatement Held Subject to Demurrer—Section 13622.*

A plea in abatement to an indictment alleging that the grand jury which returned the indictment did not have before it or within the knowledge of its members any evidence connecting the defendant with the crime alleged, does not set up a defect in the record by facts extrinsic thereto, and a demurrer to such a plea must therefore be sustained.

*Thomas L. Pogue,* Prosecuting Attorney, and *Simon Ross, Jr.,* Assistant Prosecuting Attorney, for the state.
*Darby & Benedict* and *Eugene Adler,* contra.

GORMAN, J.

Decision on demurrer to plea in abatement.

An indictment has been returned against the defendants, charging them and each of them with blackmail under Section 13384, General Code. Heretofore a motion to quash was filed herein by the defendant Falkenstein and the same was overruled. There is now filed by him a plea in abatement under favor of Section 13622 of the General Code, which reads as follows:

"A plea in abatement may be made when there is a defect in the record shown by facts extrinsic thereto."

To this plea in abatement a demurrer has been filed by the state, and the court is now called upon to determine whether or not the plea in abatement is good as against the demurrer.

In substance, the plea in abatement, duly verified by the defendant Falkenstein, sets out that the state ought not to further prosecute the said indictment against the said defend-

ant, because he says there is a defect in the record not apparent upon the face thereof, in this, to-wit: that there was no legal, admissible, relevant or material testimony or evidence against him, tending in any way to show or prove his guilt of the alleged crime, offered or presented to the said grand jury or heard by the said grand jury; and further that said indictment against said Falkenstein was found and returned by said grand jury wholly without any evidence being offered or presented to said grand jury as against said Falkenstein; and that the members of said grand jury had no knowledge or information concerning the said Falkenstein relating to said alleged offense upon which said grand jury could legally return an indictment against him.

The point of the demurrer to this plea in abatement is that said plea does not state a defect in the record not apparent upon the face of the record; in substance that the plea is not sufficient in law to warrant the state in replying thereto or the court in hearing the matters therein set out.

At the outset we are confronted by the question of whether or not a plea in abatement will reach a situation or condition set out in the plea in the case at bar.

There is no Ohio authority on which the court can rely either to sustain or overrule the demurrer, as the question does not appear to have ever been squarely raised in this state. There have been pleas in abatement which went to the point of ascertaining whether or not the grand jury was properly constituted, properly sworn, or whether there was a sufficient number of grand jurors, or whether they had been properly charged by the court. But, as has been said, there is no case which determines whether or not the court on a plea in abatement may determine whether or not there was sufficient evidence to warrant the grand jury in indicting or in determining whether or not there was any evidence before the grand jury or any knowledge on the part of the grand jurors which would justify an indictment.

The plea in abatement is one that at common law was frequently used, but as has been said in *Harris on Criminal Law,* Force's Edition, page 305:

"A plea in abatement is another dilatory plea, formerly principally used in the case of the defendant being misnamed in the indictment; * * *. The plea is now, however, virtually obsolete. It has been enacted (in England) that no indictment or information shall be abated by reason of any dilatory plea of misnomer, or of want of addition, or of wrong addition, if the court be satisfied of the truth of the plea. The court will cause the indictment or information to be amended, and will call upon the party to plead thereto, and will proceed as if no such dilatory plea had been pleaded." Citing 7 Geo. 4, c. 64, Section 19.

By statute in this state (Section 13624, General Code), it is provided, among other things, that when a plea in abatement is adjudged in favor of the accused he may be committed or held to bail in such sum as the court requires for his appearance at the first day of the next term of such court. So that, even if the plea in abatement be decided in his favor he is nevertheless subject to re-indictment for the offense sought to be charged in the defective indictment.

This plea being verified, if it is to be heard upon the merits must be heard before a petit jury of twelve men and not heard by the court; that is, if there be replication to the plea it would appear that the issuable facts are triable to a jury. See *State* v. *Easter*, 30 Ohio St., 548.

We then have the anomalous situation of a petit jury of twelve men sitting in judgment upon the conclusions and findings of a grand jury of fifteen men on an indictment, and determining whether or not the grand jury had any evidence or knowledge upon which to base the indictment or had sufficient knowledge upon which to base the indictment.

Outside of this state the authorities are not in harmony upon the question. In some states such a plea as this has been allowed and in others it has been denied.

It is said in Section 124, *Joyce on Indictments*, that the question as to the conclusiveness of the finding of the grand jury in respect to the evidence upon which the indictment is found is one upon which the courts are not fully in harmony.

In the following cases it has been held that a plea in abatement may be employed to raise the question of whether or not

there was any evidence before the grand jury or any knowl-
edge on the part of the grand jurors upon which the indict-
ment was based.

In *Royce* v. *Oklahoma*, 5 Okla., 61, this question was deter-
mined on a motion to quash and set aside the indictment on
the ground that it was found by a grand jury without legal
and competent evidence but upon hearsay testimony.  But there
was a statute in Oklahoma which we think sufficient to war-
rant the court in ruling as it did rule in that case.  (See Sec-
tions 5049, 5050, Laws of 1895, Statutes of Oklahoma.)

To the same effect is the case of *State* v. *Froiseth*, 16 Minn.,
296.  But in that case it will be observed that the indictment
was set aside because the defendant was required by the grand
jury to testify involuntarily touching the criminal charge against
him, and the court, we think, properly said that the indictment
should not be founded upon evidence furnished by the accused
himself upon compulsion because it was violative of his constitu-
tional right.

To the same effect is the case of *O'Shields* v. *State*, 92 Ga.,
472, in which it was held that a motion to quash an indictment,
made on the ground that the same was found and returned by
a grand jury before whom no evidence had been introduced
against the accused, would be entertained if there was any evi-
dence to support the plea, but that a refusal to quash the in-
dictment on these grounds was properly made when there was
no evidence offered tending to support the plea.

The following authorities outside of this state hold that the
indictment of the grand jury when apparently regular upon
its face is conclusive presumption that there was evidence be-
fore the grand jury upon which the indictment was returned
and that there was sufficient evidence to warrant the indict-
ment and that no inquiry can be made upon those points.

*Sparrenberger* v. *State*, 53 Ala., 481, in which it is said in
the third paragraph of the syllabus:

"It is not matter of a plea in abatement to the indictment
that it was found without evidence of witnesses, or without legal
documentary evidence, or returned into court without the con-
currence of twelve grand jurors."

In case of *State* v. *Fasset,* 16 Conn., 457 and 458, it was held in the third paragraph of the syllabus:

"It is the policy of the law, in the furtherance of justice, that the preliminary inquiry before a grand jury should be conducted in secret. No evidence, therefore, will be received, for the purpose of vitiating an indictment, either from the grand jurors, or from the witnesses before them, or from any other person required by law to be present, as to the evidence given on such inquiry."

In this case it was sought to raise the question of the sufficiency of the evidence before the grand jury and the fact of whether or not there was any evidence upon which the indictment was based by motion to quash, which was the only method in that state of raising the question.

In the case of *State* v. *Dayton,* 23 N. J. L., 49, it was held in the sixth paragraph of the syllabus:

"That an indictment was found by the grand jury upon illegal evidence, or without legal evidence, can not be taken advantage of by the defendant on a motion to quash by plea in abatement, or in any other way."

Squarely holding in this case that the question can not be raised as it is sought to be raised by the defendant in this case.

In the case of *Smith* v. *State,* 61 Miss., 754, it was held in the first paragraph of the syllabus:

"The court can not inquire into the character of the evidence before the grand jury upon which an indictment is found."

If it be true that the court can not inquire into the character of the evidence, then it would appear that the court can not inquire as to whether or not there was any evidence before the grand jury.

In the case of *State* v. *Boyd,* 2 Hill (S. C.), Part II, page *288, it was held in the second paragraph of the syllabus:

"The court will, in no instance, inquire into the character of the testimony which has influenced the grand jury in finding the indictment, with a view to quash the indictment."

In the case of *State* v. *Woodrow*, 58 W. Va., 527, it was held in the fourth paragraph of the syllabus that an indictment can not be quashed because it rests, in whole or in part, on incompetent evidence. In discussing the question under consideration in that case the court says:

"The court can not say on what the grand jury found its indictment, or how far the incompetent evidence operated, or on what members it operated. You can not call each member and ascertain on what evidence he formed judgment. Next, take the case where the indictment rests alone on evidence of an incompetent witness. In such cases some authorities say that the indictment must go; but even here why shall we not say that on the trial the state may furnish other evidence ample to sustain its indictment which was not before the grand jury? The indictment is only a charge, to be sustained by competent evidence upon the trial. So the court said in *State* v. *Dayton*, 53 Am. Dec., 270. The accused can have the evidence, if incompetent, excluded on the trial. True, it is hard on him to be put to trial upon an indictment resting alone on incompetent evidence; but grand juries are not good judges of competency, and oftentimes do not consult the court. It would be very bad practice, endless inconvenience, to have a full preliminary trial of competence of evidence before the grand jury in many cases. How far would the practice go? Does the inconvenience to the accused justify the institution of such a practice? Are not his rights fully vindicated by his right to exclude improper evidence on the trial.

"Therefore, we conclude that the plea in abatement was properly rejected."

It is contended by counsel for the state that the question under consideration has been determined by our Supreme Court in the case of *Turk* v. *State*, 7 Ohio, Part II, page 240. But the court is not satisfied that the question presented in the case at bar is there presented and would not be satisfied to rest a decision upon that case.

Counsel for the state further cite the case of *State* v. *Woolard et al*, 12 N.P.(N.S.), 395, a decision by Judge Nicholas of the Common Pleas Court of Licking County, in which he says on page 397 that the question of whether or not there was sufficient evidence before the grand jury to warrant their returning

an indictment against the accused can not be inquired into. But that case arose upon an application for admission to bail of the accused, and we do not think that it would warrant us in holding it an authority in favor of the state on the proposition now before the court.

In the case of *State* v. *Rhoads*, 81 Ohio St., 397, the Supreme Court, in passing upon the question of whether or not the accused was entitled to evidence before the grand jury on the presentation of the case upon which the indictment was returned, held that he was not entitled to this evidence and that the secrets of the grand jury should be kept inviolate, and that the state was not bound to furnish evidence to the defense upon which the indictment was based.   The state can not compel the prisoner at the bar to submit his private papers or memoranda to the state for use or even examination, for he can not be required to testify in the case, and for the same reason the accused should not be allowed to require the prosecutor to furnish him evidence.

In *Bishop's New Criminal Procedure*, Vol. 1, Sections 791 to 793, inclusive, it is said that from the nature of the plea in abatement, as already stated, it is obvious that there is a wide scope for its use.   But practically it is much curtailed by the more convenient motion to quash and by other steps adapted to particular cases.   So that it is not often heard of in the criminal law, except in answer to two classes of defects in the indictment and disqualification of the grand jury or any member thereof.

In conclusion, the court is of the opinion that in view of the conflicting authorities upon this question, it would not be wise to establish a precedent in this state, which might work great harm and inconvenience to the state and subserve no practical benefit to the accused, to permit a plea in abatement to be brought to trial before a jury of twelve men upon issues joined as to whether or not there was any evidence before the grand jury or any knowledge on the part of the grand jurors which would warrant the return of an indictment.   If such practice shall be adopted in this state, then in every case in which an

indictment is returned the court can readily see that a plea similar to that made in this case can be filed and an inquiry had by twelve men, a petit jury, as to whether or not there was any evidence before the grand jury upon which the indictment was returned. The integrity, honesty and good faith of the grand jury would thus be open to attack by a petit jury. There would practically be two trials for the accused, one upon the plea in abatement before a petit jury, and if the petit jury decided against him he would be entitled to another trial before the petit jury upon the issues of guilty or not guilty.

In view of the conflict of authorities outside of the state, and the language of the decision in 7 Ohio, *supra*, the court is disposed to find that the weight of authority and the reason of the case is with the state in the case at bar, and that the plea in abatement upon the ground set out should not be allowed; that it is not well taken, and that the demurrer should be sustained; all of which is accordingly done.