7849.   STAPLETON *v.* THE STATE.

BROYLES, J.   1.   In the prosecution of a director of a bank, under section 204 of the Penal Code, grand jurors who returned the indictment were not disqualified for the reason that they were related within the prohibited degree to depositors in the bank, or were themselves such depositors; nor was the solicitor-general who prosecuted the case disqualified for a like reason. *Griffin* v. *State,* 18 *Ga. App.* 403 (4) (89 S. E. 625). Moreover, this objection was propter affectum, and should have been urged before the indictment was found; it being too late to make such an objection afterwards. *Williams* v. *State,* 69 *Ga.* 12; *Turner* v. *State,* 78 *Ga.* 174; *Lascelles* v. *State,* 90 *Ga.* 347, 372 (16 S. E. 945); *Fisher* v. *State,* 93 *Ga.* 309 (20 S. E. 329); *Mills* v. *State,* 57 *Ga.* 610; *Simpson* v. *State,* 110 *Ga.* 249 (34 S. E. 204); *Edwards* v. *State,* 121 *Ga.* 590 (49 S. E. 674); *Hall* v. *State,* 7 *Ga. App.* 115 (66 S. E. 390); *Cabaniss* v. *State,* 8 *Ga. App.* 129· (4), 136 (68 S. E. 849); *Garnett* v. *State,* 10 *Ga. App.* 109, 112 (72 S. E. 951); *Barlow* v. *State,* 13 *Ga. App.* 306 (79 S. E. 93). The case of *Nichols* v. *State.* 17 *Ga. App.* 593 (87 S. E. 817), in which this court held that an objection propter affectum (to an interested, and therefore disqualified, solicitor-general who had appeared before the grand jury and secured an indictment against the defendant) could be made after the indictment had been returned, was, under all its particular and peculiar facts, an exceptional one, and that ruling will not be extended to apply to the objections propter affectum in the instant case. Accordingly, the court did not err in sustaining the State's special demurrer to paragraphs 2 and 3 of the defendant's plea in abatement, and in striking these paragraphs.

2. The remaining paragraphs of the plea in abatement were traversed by the State. The court did not err in directing a verdict against the plea in abatement and in favor of the traverse; the evidence adduced upon this issue showing that the superior court of Grady county was legally organized at the special term at which the indictment against the defendant was returned, and that the witnesses upon whose testimony the indictment was returned were properly sworn, or that at least two of them were, and as this ground of the plea in abatement alleged that "the witnesses on whose alleged testimony the said charges against this defendant are founded were not sworn before the grand jury as prescribed by law, *nor was any witness so sworn in said case*" (italics ours), this ground of the plea in abatement was defective. While a demurrer to it could have been interposed (*Bird* v. *State,* 50 *Ga.* 585; *Reich* v. *State,* 53 *Ga.* 74, 21 Am. R. 265), the same result was reached through the verdict directed by the court.

3. The indictment in- this case was in all material respects similar to that in *Youmans* v. *State*, 7 *Ga. App.* 101 (66 S. E. 383), which this court held to be sufficient; and there was no error in overruling the demurrer interposed. This court declines to review the decisions in *Youmans* v. *State*, supra, and *Griffin* v. *State*, 15 *Ga. App.* 520 (83 S. E. 891), in which it is held that, under section 204 of the Penal Code, proof of insolvency of the bank creates a presumption that the insolvency was caused by fraudulent practices on the part of its president or directors, and that this section declares a rule of evidence under which certain acts are deemed presumptive evidence of a fraudulent intent in committing them.

4. The trial judge did not err in holding that he was qualified to try the case, and in overruling the motion to declare himself disqualified. The judge was not disqualified because of relationship within the prohibited degree to a depositor or creditor of the bank, for the "wrecking" of which the defendant was being tried. *Griffin* v. *State*, 18 *Ga. App.* 403 (89 S. E. 625). Neither was the judge disqualified for the reason that he had on March 3, 1915, upon the presentation of a petition by the State of Georgia for the appointment of a receiver of said bank, entered his disqualification to preside in the case because of his relationship to stockholders in the bank. This ruling was made by the judge in a civil case, the pleadings of which are not before this court, and the order of the judge there holding himself disqualified fails to show what this relationship was. The facts in the civil case may have been different from those in the instant case. The undisputed evidence shows that the judge was related by blood to a stockholder of the bank, but it does not show what this relationship was, or whether it was within the prohibited degree. It is immaterial that the judge, in announcing his ruling upon the motion for his disqualification, stated in substance that the reason he held himself to be qualified was that after he had held himself disqualified, and between the time that the temporary receiver was appointed for the bank and the appointment of a permanent receiver for the same, the stockholder to whom he was related had transferred his shares of stock. The judgment of the trial judge that he was qualified to try the case being correct, it matters not that he gave an erroneous reason therefor.

5. While some of the excerpts from the charge excepted to are subject to criticism, none of them, when considered in the light of the entire charge and of the facts in the case, require the grant of a new trial.

6. There is no merit in the complaint that the court, after giving certain instructions to the jury and after the jury had retired to consider their verdict, caused them to be brought back, withdrew the former instructions, and gave them other and new instructions, it appearing that the court made the last charge at the request of the jury because they were confused by his former instructions.

7. It was not error to admit in evidence the petition brought by the State of Georgia against the Bank of Whigham, praying for the appointment of a receiver to take charge of the said bank, under the following statement of the solicitor-general: "I will state, if your honor please, that we offer this simply for the purpose of showing that Mr. Crawford

[one of the coreceivers of the bank, and a witness in the case] has custody of the books and records; we do not offer the document in evidence for the purpose of showing insolvency." See, in this connection, *Griffin* v. *State*, 18 *Ga. App.* 403 (5) (89 S. E. 625).

8. One of the grounds of the motion for a new trial is that the court allowed W. T. Crawford, receiver of the bank, to testify, over the objection of the defendant, in substance, that if the liabilities of the bank amounted to $140,000 in round numbers, and if the assets were not worth $140,000, then the bank would be insolvent. If this testimony was a mere conclusion of the witness, as claimed by the plaintiff in error, it was an obvious conclusion drawn from the facts adduced, and certainly the defendant was not injured thereby; for if the same facts had been submitted to the jury, they must inevitably have come to the same conclusion as did the witness.

9. The sequestration of witnesses during the trial is always a matter in the discretion of the court. Under the facts stated, it does not appear that error was committed in allowing a person, who had been sworn as a witness for the defense, to remain in the court-room during the trial.

10. There is no merit in the 14th ground of the amendment to the motion for a new trial.

11. During the cross-examination of W. T. Crawford, a witness for the State, the following colloquy took place: Defendant's counsel (to witness) : "I believe you said that there was $3,000 collected by Mr. S. P. Kane as attorney for the Citizens & Southern Bank of Savannah and deposited in the Bank of Whigham to the credit of S. P. Kane, attorney?" Witness: "I don't think I testified that." Solicitor-general: "Your honor, we insist that there has been no such testimony." The court: "I understand there has been no such testimony as that." The rule is that the judge can not express or intimate his opinion as to what has or has not been proved in the case (Penal Code, § 1058; Civil Code § 4863), but he can state, in a colloquy with counsel in the case, whether or not a certain witness has been on the stand, or give his recollection as to whether or not the witness testified to some particular fact. "The statement by the court that a witness said a certain thing, is proper, and is not, in a legal sense, the expression of an opinion as to the evidence. What is sworn to is testimony; what is truth deduced therefrom is evidence. The judge must say, when there is dispute among counsel, what the witness said on the stand, and he is only prohibited from expressing his opinion as to its truth or its weight." *Williams* v. *Hart*, 65 *Ga.* 201 (5), 208. See also *Barnes* v. *State*, 89 *Ga.* 316 (15 S. E. 313).

12. The 16th ground of the amendment to the motion for a new trial, not being referred to in the brief of counsel for the plaintiff in error, is considered abandoned.

13. Prejudicial remarks made by the court in the hearing of the jury furnish no ground for a new trial, but in such a case a motion to declare a mistrial should be made, and upon the judge's refusal to grant this motion his ruling would be subject to review. Counsel having failed to make such a motion and having proceeded with the trial without objection, he can not in a motion for a new trial raise a question as to

the prejudicial nature of the remarks complained of. *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184); *Rogers* v. *State,* 18 *Ga. App.* 332 (89 S. E. 460); Cent. Dig., Crim. Law, §§ 2163, 2182. Under this ruling the 17th ground of the amendment to the motion for a new trial is without merit.

14. One who is related within the prohibited degree to a mere depositor of a bank is not incompetent to sit as a juror upon the trial of the president of the bank, or upon the trial of a director of the bank, on the charge of violating section 204 of the Penal Code 1910. *Griffin* v. *State,* 18 *Ga. App.* 403 (4) (89 S. E. 625). Under this ruling the 18th ground of the amendment to the motion for a new trial is without merit.

15. The fact that one of the jurors was not upon the jury list of the county is an objection propter defectum, and arises too late when not made until after the verdict, though the movant did not previously know the fact alleged. *Gormley* v. *Laramore,* 40 *Ga.* 253; *Anderson* v. *Green,* 46 *Ga.* 361, 386; *Edwards* v. *State,* 53 *Ga.* 428; *Hill* v. *State,* 64 *Ga.* 452, 455; *Brown* v. *State,* 105 *Ga.* 640 (31 S. E. 557); *Dasher* v. *State,* 113 *Ga.* 3 (38 S. E. 348).

16. There was some proof as to the insolvency of the bank; the verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial. *Judgment affirmed.*

DECIDED NOVEMBER 22, 1916. REHEARING DENIED DECEMBER 8, 1916.

Indictment for fraudulent insolvency of bank; from Grady superior court—Judge Cox. August 21, 1916.

*M. L. Ledford, Roscoe Luke,* for plaintiff in error.

*R. C. Bell, solicitor-general, F. A. Hooper, W. V. Custer,* contra.