24498.   COWART *v.* THE STATE.

DECIDED APRIL 26, 1935.

*Harry M. Wilson, Herbert W. Wilson, G. Wilbur Sweat,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.

MacIntyre, J. The Supreme Court transferred this case to the Court of Appeals. 177 *Ga.* 377.

The indictment was for arson and alleged that J. R. Cowart, J. E. Cowart and Harry Yermosky, alias Harry Goodman, "did wilfully and maliciously set fire to, burn, and cause to be burned, aid, counsel, and procure the burning of a dwelling-house occupied by J. R. Cowart and J. E. Cowart in the city of Waycross, State of Georgia and county of Ware. The defendant, J. R. Cowart, made a motion for a new trial on general and special grounds, which was overruled, and he excepted. There was a motion made to quash the indictment, on the ground that the action of the grand jury in compelling the defendant to testify against himself deprived him of a constitutional right and was in violation of the Penal Code (1910), § 1037. The defendant in his brief contends: "There was no traverse filed to this motion, no denial that the facts stated therein were not true, and therefore the facts as stated therein were taken by the court. Further thereof, the name of J. R. Cowart appears on the back of the indictment as a witness against himself and the other two defendants." There being three defendants in the bill there was no presumption that the defendant was examined as against himself. The burden was on the defendant to show that he gave evidence to criminate himself. This he has not done. Furthermore, it does not even appear that his attendance as a witness before the grand jury was not his voluntary act. *O'Shields* v. *State,* 92 *Ga.* 472 (17 S. E. 845) ; State *v.* Frizelle, 111 N. C. 722 (16 S. E. 409) ; State *v.* Mitchem, 188 N. C. 608 (125 S. E. 190) ; State *v.* Anderson, 10 Ore. 448; DeOlles *v.* State, 20 Tex. App. 145, 149. There was no error in refusing this motion.

Thereafter the defendant filed a demurrer to the indictment, as stated in his brief, on the ground that the "indictment, although in the language of the Code, should put the defendant on reasonable notice of what he was called upon to meet; the indictment should contain sufficient details to enable the defendant to prepare his defense or to submit to the court the question of whether he should be required to answer the charge." The three defendants were charged in the indictment with the single penal offense of arson as defined in the Code of 1933, § 26-2208, and only a single punishment can be imposed as a result of the conviction. Under

this code section, the offense could be committed in any one of the several ways charged in the indictment, and if the proof showed that the defendants, as between themselves, committed any one of the prohibited acts, they could be convicted. *Cody* v. *State,* 118 *Ga.* 784 (45 S. E. 622) ; *Wingard* v. *State,* 13 *Ga.* 396. The offense was charged in the language of the statute and the indictment designated the house burned as the dwelling house occupied by J. R. Cowart and J. E. Cowart in the city of Waycross, State of Georgia, county of Ware. It is not incumbent upon the State in the indictment to go into the details regarding the alleged arson. *Hester* v. *State,* 17 *Ga.* 130. It matters not which defendant actually stuck the match to the building, or which one aided, counseled, or procured the other defendants to burn the dwelling house, for if either one of the defendants committed either one or more of the prohibited acts he would be guilty. Every essential ingredient of the offense charged is set forth in the indictment, and the description of the acts alleged as constituting the offense was full enough to enable the jury, without difficulty, to know what the charge against the defendant was, and to enable him to prepare his defense. *Cook* v. *State,* 22 *Ga. App.* 770 (97 S. E. 264), and cit. In 3 Chitty's Criminal L. 1131b, there is a count in an indictment for arson which follows the words of the British statute, as the count under consideration does ours. The count in Chitty alleges, for that the accused, "a certain building erected in the dock-yard of our said lord the king there situate, called the rope-house, feloniously, wilfully, and maliciously did set on fire, and cause and procure to be set on fire, against the form of the statute," etc. Our Supreme Court in *Wingard* v. *State,* 13 *Ga.* 399, quoted with approval from 3 Chitty's Criminal Law, 1049, a form of indictment somewhat similar to the indictment in this case. The demurrer to the indictment is not meritorious.

Headnotes 3, 4, and 5 need no elaboration.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*