24588. TURNER *v.* THE STATE.

DECIDED MAY 3, 1935.

*Jack D. Evans, Randall Evans Jr.,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

MacINTYRE, J. James Turner was convicted under an indictment charging that he committed the offense of possessing "3.2 beer." The exception is to the judgment overruling the motion for a new trial as amended. There was direct evidence that the defendant possessed the beer as charged in the indictment, and the court did not err in overruling the general grounds of the motion for a new trial. Likewise the first ground of the amendment to the motion, which is merely an elaboration of the general grounds, was properly overruled.

In the second special ground error is assigned because the court overruled a motion for a continuance, based upon two grounds: (1) the physical condition of movant's only counsel; and (2) counsel's lack of time to prepare the case. It appears from the ground that counsel stated to the court: "We have not had the necessary time to prepare the case. Last Tuesday I was in court all day, and Wednesday I was spoken to by the defendant about representing him. On Wednesday I went to the Democratic convention in Macon. I got back last night. I understand the indictment was found Wednesday night. The defendant was not under bond until this week of court. . . I know I have not had the necessary time. . . Last night I got to probing my foot that I had cut a nail off of. . . It has been paining me ever since I went to bed last night. . . I am not prepared to say that I would not be able to try the case as well as I ever was. . . I am willing to

say I don't know whether it would affect the trial; my mind is on my toe." It also appears from the ground that in reply to the following statement of the court: "I will continue the case if you will state that you are unable to try the case," counsel said: "I won't say that." Obviously the court did not err in overruling the motion for a continuance in so far as it was based upon counsel's illness. See *Rawlins* v. *State,* 124 *Ga.* 31 (19) (52 S. E. 1).

Then, should the case have been continued because of counsel's lack of time to prepare for trial? The defendant was arrested on May 28, 1934, upon a warrant dated May 26, 1934, and, so far as the record discloses, was at large from the time of his arrest until the day he was tried on October 5, 1934. The indictment was returned at the October term, 1934. The sheriff of Warren county testified in part: "Saturday night I was in Thomson, and he [the defendant] says: 'If they don't get a bill against me for the beer, call me up;'" that he told the defendant the court was in session, and that his case "would be presented to the grand jury;" that the defendant was "up here day before yesterday or yesterday one;" that witness "told him they got a bill against him," and that "day before yesterday he was up here and got an excuse from you [Mr. Davis] to go home." The defendant testified that he first asked Mr. Evans on Tuesday night to represent him, but that he saw Mr. Stevens Monday night and asked him if he would represent him "if Mr. Evans did not get back in time;" that he spoke to Mr. Stevens "yesterday morning;" and that Mr. Evans agreed to represent him if he, Mr. Evans, "got back from the convention before the case was tried," but that he did not make the final arrangements for Mr. Evans to represent him until "last night." We are satisfied that the trial judge did not abuse his discretion in holding that the case should not be continued because of counsel's lack of opportunity to prepare for trial. It follows that the court did not err in overruling the motion for a continuance for either reason assigned.

It is averred in the last special ground of the motion for a new trial that "the court erred in refusing to quash the indictment [not presentment] upon motion of defendant's counsel before the trial of the case, which motion was based on the ground that certain persons who served on the grand jury that found the indictment against the defendant were related to the prosecutor" within the

218

prohibited degree. "It is well settled law in this State that the denial of a motion to quash a criminal accusation is no ground for a new trial." *Broaden* v. *State*, 95 *Ga.* 481 (20 S. E. 629). "A refusal to quash an indictment is no ground for granting a new trial." *O'Shields* v. *State*, 92 *Ga.* 472 (17 S. E. 845). "It would be folly to order a new trial on a bad indictment." *Hancock* v. *State*, 114 *Ga.* 439, 445 (40 S. E. 317). However, even if the ground were considered, there would be no merit in it, for the reason that it appears that approximately four months before the indictment was found the accused was arrested for the offense with which he is charged; that he knew in advance that his case was coming before the grand jury; and that he had ample opportunity to make his objection by challenge before the indictment was preferred against him. *Lascelles* v. *State*, 90 *Ga.* 347 (3), 372 (16 S. E. 945, 35 Am. St. R. 216); *Stapleton* v. *State*, 19 *Ga. App.* 36 (90 S. E. 1029), and cit.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*