## 26982. HAWKINS *v*. THE STATE.

DECIDED SEPTEMBER 9, 1938.

*Joe M. Lang,* for plaintiff in error.

*J. H. Paschall, solicitor-general,* contra.

MacINTYRE, J. Walter Hawkins was indicted for the misdemeanor of running and driving and operating a certain automobile and motor vehicle with force and arms "over and along the Dixie Highway in said county, and upon meeting another automobile driven by Harold Causby, and on meeting him the said Causby, did fail and refuse to drive his automobile on his own right-hand side of said highway, and did drive and run his said automobile onto and against the automobile being driven by the said Causby, in utter and reckless disregard of the rights of said Causby, and by the wanton and reckless manner in which he, the said Hawkins, drove and operated his said automobile did injure and wound the said Causby, contrary to the laws of said State, and the good order, peace, and dignity thereof." The defendant demurred to the indictment on the ground that it failed to allege facts with sufficient detail and particularity, etc., so that he could prepare his defense.

"Every person operating a vehicle upon the highways shall observe the following traffic rules and regulations: (c) An operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center on the highway, so as to pass without interference." Code, § 68-303. "Any person violating the provisions of chapters 68-1 to 68-4, relating to licenses, registration, and operation of motor vehicles, shall be deemed guilty of a misdemeanor." § 68-9908. "An indictment or accusation which alleges a violation of such act in the language of the act, together with the other necessary allegations,—such as being on a public highway, etc.,—is sufficient to put the defendant on notice as against what facts and charges he must contend." *Ray* v. *State, 47 Ga. App.* 22 (169 S. E. 538). Every essential ingredient of the offense charged is set forth in the indictment

with sufficient clearness to enable the defendant to prepare his defense and the jury to clearly understand the nature of the offense, and the indictment is exact enough to protect the defendant from a second jeopardy. The indictment was not subject to the demurrer. *Camp* v. *State,* 3 *Ga.* 417; *Cook* v. *State,* 11 *Ga.* 53 (56 Am. D. 410); *Cowart* v. *State,* 51 *Ga. App.* 199 (3) (179 S. E. 823). The court did not err in overruling the demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*