Clifton *vs.* The State of Georgia.

LIZZIE CLIFTON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

1. The general assembly has not the power, under the constitution, to deprive the superior courts of jurisdiction over misdemeanors.

2. Where no objection is made to evidence introduced upon the trial, it is too late to base a ground of new trial on account of alleged error in its admission.

3. The superior courts are not bound to take judicial cognizance of what had previously transpired before them, unless the records of such proceedings are exhibited as evidence.

4. There being sufficient evidence to sustain the verdict, it was not contrary to law.

5. To sustain an indictment for keeping a lewd house, it is only necessary to establish that the defendant contributed to and aided, directly or indirectly, in maintaining and keeping the same.

6. Where a juror failed to answer to his name when called, after the jury was stricken, but before the jurors were sworn or the case submitted, it was not error in the court to order the panel to be filled and the jury again stricken.

7. The defendant having gone to trial before that jury, without objection at the time, it was too late, even if the objection had been good, to insist upon it as a ground for a new trial.

8. The charge that the defendant maintained and kept a lewd house, was sufficient under the provisions of the Code, without alleging that it was a place for the practice of fornication or adultery.

Constitutional law. Criminal law. Jurisdiction. New trial. Evidence. Jury. Waiver. Before Judge HOPKINS. Fulton Superior Court. April Term, 1874.

This case is fully reported in the decision, with the exception of the plea of the defendant, which simply denied the jurisdiction of the superior court, on the ground that under

the act of February 25th, 1874, the city court of Atlanta had exclusive jurisdiction of misdemeanors committed in the county of Fulton.

W. F. & H. WRIGHT, for plaintiff in error.

JOHN T. GLENN, solicitor general, by JACKSON & CLARKE, for the state.

WARNER, Chief Justice.

The defendant was indicted and charged with maintaining and keeping a lewd house in the county of Fulton. On the trial thereof, the jury found the defendant guilty. A motion was made for a new trial on the following grounds: First, because the court erred in sustaining the demurrer to the defendant's plea to the jurisdiction of the court. Second, because the court allowed the state to prove the reputation of the house of defendant, the reputation of defendant, and the reputation of the inmates of the house of defendant. Third, in not taking judicial notice of its own records as to what had transpired in court previous to the first of January 1874. Fourth, because the verdict of the jury was contrary to the evidence, and the weight of the evidence. Fifth, because the verdict was contrary to law. Sixth, because the court erred in charging the jury that the mere fact of renting the house would not make her guilty, but to look to the testimony and see if this defendant, by her conduct and her acts, contributed to, and aided in, keeping that as a lewd house; it matters not how directly or indirectly. Seventh, because after the jury had been stricken, Dowling, one of the jurors, not being in the court-room but within reach of the court, and being of the regular panel, the court dropped his name from the said panel, and ordered other talesmen added thereto, and discharged the other eleven jurors, ordered a new strike, and went to trial with the panel so last stricken. Eighth, because the court erred in not arresting the judgment in said case, on motion of defendant's counsel, on the ground that

Clifton *vs.* The State of Georgia.

the indictment failed fully to set out the offense as defined by the Code, in this, that the indictment did not allege that the defendant did maintain and keep a lewd house, for the practice of fornication, or adultery, or either. The motion for a new trial and the motion in arrest of judgment were both overruled, and the defendant excepted.

1. There was no error in sustaining the demurrer to the defendant's plea to the jurisdiction of the court, as was held in *Porter vs. The State*, during the present term.

2. There was no exception taken to the admissibility of the evidence as to the reputation of the house of defendant, or as to the reputation of defendant, or as to the reputation of the inmates of the house of defendant. So far as the record shows, that evidence was admitted without objection, and it was too late to raise that objection on a motion for a new trial.

3. The court was not bound to take judicial notice of its own records as to what had transpired in that court previous to the first of January 1874, unless, the records of such proceedings had been exhibited to the court as evidence of what had transpired there.

4. From the evidence contained in the record, if the jury believe the witnesses, there is sufficient evidence to sustain the verdict according to the repeated rulings of this court, and therefore the verdict was not contrary to law.

5. There was no error in the charge of the court as to the conduct, and acts of the defendant, in keeping the lewd house. The evidence showed that she lived there, and had been living in the house for some time, and if she contributed to and aided, directly or indirectly, in maintaining and keeping the lewd house, then she was guilty of the offense as alleged in the indictment.

6. There was no error in impanneling the jury according to the explanatory certificate of the presiding judge. The judge certifies that Dowling, the juror, did not answer when his name was called, and it did not appear that he was within the reach of the court. Before the jury was sworn or the case submitted, the court directed the panel to be filled and the jury

stricken again; the only change made was to fill Dowling's place.

7. The defendant having gone to trial before that jury, without objection at the time, and taken her chance for an acquittal or conviction, it was too late, even if the objection would have been good, to insist upon it as a valid ground for a new trial.

8. There was no error in overruling the motion in arrest of judgment. The defendant was charged with maintaining and keeping a lewd house. The words "lewd house" import that it is a house given to the unlawful indulgence of lust, including fornication or adultery. A "lewd house" may properly be said to be a house in which fornication or adultery is practiced. Maintaining and keeping a lewd house is a distinct offense under the statute. So if a person shall maintain and keep any *other place*, as a booth or tent, for the practice of fornication or adultery, either by himself, herself, or others, such person would be guilty under the statute. The charge in the indictment that the defendant maintained and kept a lewd house, was sufficient under the provisions of the Code, without alleging that the lewd house was a place for the practice of fornication or adultery. The statute forbids any person, either by himself, herself, or others, to maintain and keep a lewd house or *place* for the practice of fornication or adultery. There was no error in overruling the motion for a new trial on the statement of facts disclosed by the record. This court does not grant new trials in criminal cases when there is sufficient evidence under the law to sustain the verdict, nor upon mere technical grounds not affecting the real merits of the case, or the substantial legal rights of the defendant, and the observance of this rule, by parties and their counsel, before bringing their cases here, would save much time and labor.. The rulings of the court upon the question of granting new trials, have been so often repeated that the profession cannot be ignorant of them.

Let the judgment of the court below be affirmed.