## PATTERSON *v.* DRAKE *et al.*

COBB, P. J. 1. A sheriff's deed is admissible in evidence as a muniment of title when accompanied by the execution under which the land was sold. If the execution is lost or destroyed, and the same is not recorded with the sheriff's deed, parol evidence as to its contents is admissible after proper proof of its loss or destruction.

2. A transcript from the docket of a justice of the peace, showing a judgment entered thereon, and other entries relating to the case, when certified by the justice in office having custody of the docket, is admissible in evidence in the courts of the county in which the justice holds office. Civil Code, §§ 5214, 5215.

3. When it is sought merely to establish the fact that a judgment has been rendered, a certified copy of the judgment without the proceedings prior thereto is admissible. Aliter, when the judgment is sought to be used as an estoppel upon the parties thereto. *Little Rock Cooperage Co.* v. *Hodge*, 112 *Ga.* 521; *Stringfellow* v. *Stringfellow*, 112 *Ga.* 494.

4. If an original deed which was duly recorded is lost or destroyed, a certified copy from the registry is admissible in evidence whenever the court is satisfied of the fact of the loss or destruction. Civil Code, § 3630. The sufficiency of the evidence as to the loss or destruction of the original deed is within the discretion of the court. *Cox* v. *McDonald*, 118 *Ga.* 414(2).

5. The recitals in a sheriff's deed 'of an execution and a seizure and sale thereunder may be looked to as secondary evidence of the contents of the execution, when it appears that the execution has been lost and is not recorded.    *Ellis* v. *Smith,* 10 *Ga.* 253(2).

6. When a sheriff's deed to land, regular upon its face, reciting a levy and sale under an execution issued from a justice's court, has been admitted in evidence, and there is evidence showing the loss of the execution, there is a presumption that before the land was levied upon a proper officer had made upon the execution an entry of no personal property to be found.    *Vaughn* v. *Biggers,* 6 *Ga.* 188(6).

7. An entry of service by a constable on a summons issued from a justice's court may be set aside on a traverse of the entry duly filed, but it can not be collaterally attacked.

8. The relation of debtor and creditor arises between client and attorney as to the amount due the attorney as compensation for services rendered, and the attorney may enforce the demand against the client in any way in which an ordinary creditor would have a right to enforce such a demand against his debtor.    If suit is brought upon the demand and judgment is rendered in favor of the attorney, the fact that the demand arose out of the relation of attorney and client will not prevent the attorney from becoming a purchaser at the sale under the execution.

9. If there was any error at all in the rulings on the admission of evidence which were made the subject of assignments of error, the error was not of such a character as to require a reversal of the judgment.    The direction of the verdict in favor of the defendant was not erroneous for . any of the reasons urged in the brief of counsel for plaintiff in error.
*Judgment affirmed.    All the Justices concur, except Fish, C. J., absent.*

Argued June 2,—Decided August 13, 1906.

Complaint.    Before Judge Pendleton.    Fulton superior court. January 19, 1906.

*R. L. Rodgers,* for plaintiff.    *W. H. Terrell,* for defendant.