### 2064. WARNACK *v.* THE STATE.

1. Although a juror has been found competent and has been accepted, the court is authorized, before any evidence has been submitted on the main issue, to hear any newly discovered evidence as to his competency, and to again put him on trial as to competency; and if the court finds,

from his answers or from aliunde evidence, that he is not competent, the court has a right to withdraw him from the jury and cause another to be selected.

2. For the reasons stated in the opinion, the excerpts from the charge of the court, excepted to in the first and second grounds of the amended motion for a new trial, are without merit.

3. Where on a trial for murder the defendant was convicted of the lowest grade of involuntary manslaughter,—to wit, involuntary manslaughter in the commission of a lawful act without due caution and circumspection,—the verdict so rendered was a practical acquittal of the defendant of the higher grades of homicide, and made immaterial any possible errors which may have been committed by the trial judge in instructing the jury on the subject of voluntary manslaughter, and on involuntary manslaughter in the commission of an unlawful act.

4. The charge of the court on the law of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, to which exception was taken, contained no error of sufficient gravity to justify the grant of another trial.

Conviction of involuntary manslaughter; -from Whitfield superior court—Judge Fite.     June 14, 1909.

Argued October 5,—Decided December 4, 1909.

*William E. Mann, George G. Glenn,* for plaintiff in error.

*Thomas C. Milner, solicitor-general,* by *George W. Stevens, Maddox, McCamy & Shumate,* contra.

HILL, C. J.   Claud Warnack was indicted for the murder of Chess Wilson, and the jury found him guilty of involuntary manslaughter in the commission of a lawful act without due caution and circumspection.   His motion for a new trial being overruled, he brings error to this court.   The motion for a new trial was predicated upon the usual grounds, and on several special grounds which will be considered and determined in so far as we deem them material.   This is the fourth trial of the defendant.   On the first trial a mistrial was declared.   On the second trial he was convicted of voluntary manslaughter; and he was granted another trial by this court, because of certain errors in the charge of the trial judge. On the third trial he was convicted of involuntary manslaughter in the commission of an unlawful act; and this court again granted him a new trial, because of errors in the charge.   It may be stated as to the general grounds that a careful consideration of the evidence satisfies us that the verdict on the trial now under consideration is supported by the evidence; and unless there has been some material or prejudicial error of law, it should be allowed to stand.

1.   Error is assigned on the action of the court in withdrawing

a juror from the jury after he had been found competent on his voir dire and had been accepted. In explanation of his action the judge certifies that after the juror had been accepted and was on his way to join the other jurors in the box, the court saw him stop and hold a conversation with the ordinary of the county, and, immediately after the juror had taken his seat in the box, the ordinary informed the court that the juror had just stated to him that he had both formed and expressed an opinion as to the guilt or innocence of the prisoner, and he (the juror) feared that he would not be able to render a fair and impartial verdict. The court thereupon put the juror on trial as to his competency, and asked him if he thought that he could render a fair and impartial verdict, independently of his opinion so formed and expressed; and the juror replied that he doubted whether he could, but would try to do the best he could. The court declared him incompetent, over the objection of counsel for both the State and the defense. It can not be doubted that the act of the court under these circumstances was not only authorized, but was in the interest of an impartial trial. Under the provisions of the Penal Code, § 978, although a juror has been found competent and has been accepted, the trial court is authorized, before any evidence has been submitted on the main issue, to again put the juror on trial as to his competency, if, subsequently to his acceptance, there has been brought to the attention of the court any evidence attacking his competency; and if the court then adjudges that the juror is incompetent, the court can withdraw him from the jury and cause another juror to be selected.

2. In charging the jury the court made the following statement: "Now, gentlemen, in view of what has been said by counsel, it is proper that this court should state that neither this court nor the Court of Appeals has either directly or indirectly criticized the verdict of the jury in their findings of facts. It is a question of law which the Court of Appeals dealt with, and not a question of fact, in reversing this case." Exception is made to this statement, on the ground that it was in the nature of an argument in favor of the State, and was harmful to the defendant, and intimated to the jury that the verdict of guilty in the former trials was based upon sufficient facts. While the verdict of any former jury was a matter of no concern to the jury then trying the issues between the State and the defendant, and such previous verdict should not have been

referred to, either by court or counsel, this court, in the absence of any statement in the exceptions, as to what was said by counsel in reference to the former trials, will presume that the statement of· the trial court on this subject was fully authorized by the comments of counsel.

Error is assigned upon the following excerpt from the charge: "The law presumes they are all honest and speak the truth, but if, after an honest effort to reconcile the evidence, you are unable to do so, then you may believe that which to you seems the most reasonable and credible,—that which as honest, conscientious, upright, intelligent jurors, wanting to do right and render a just verdict, you believe to be the truth of the alleged transaction or transactions, viewing them in the light of all the surroundings as detailed from the witness stand, and in the light of human conduct, of reason, and common sense." It is said that this was an invasion by the court of the province of the jury, and that the court erred in telling the jury what they might believe, as this was a matter entirely with them. This charge of the court is entirely without error, and the criticism thereon wholly without merit.

3. Several grounds in the motion for a new trial allege error in the charge of the court on the subject of voluntary manslaughter, and on involuntary manslaughter in the commission of an unlawful act. These exceptions are immaterial, in view of the fact that the verdict amounted to a practical acquittal of the defendant of these offenses, and he therefore could not have been prejudiced by any error, if error there was, relating to these grades of homicide, *Chapman* v. *State,* 120 *Ga.* 855 (48 S. E. 350).

4. There are exceptions made to certain portions of the charge on the subject of involuntary manslaughter in the commission of a lawful act without due caution and circumspection. The charge on this subject substantially follows the opinion of this court when the case was last before it; and while the language of an appellate court is not always appropriate in a charge to the jury by the trial court, in this case we do not think there was any material or prejudicial error in giving in charge the law of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, substantially in the language of this court and as adjusted to the particular facts of this case. We think that any error in this excerpt was cured by the charge when considered as a whole. The

charge, considered as a whole, fairly and accurately submitted to the jury the issues made by the evidence, and we find no error of such a serious character as would justify us, in view of our opinion that the evidence supports the verdict, in granting another trial.

*Judgment affirmed.    Russell, J., dissents.*