## 8993. LOUISVILLE & NASHVILLE RAILROAD CO. v. ROGERS.

1. The excerpts from the charge of the court complained of, when considered in connection with the general charge, are not erroneous for any of the reasons assigned.
2. It is not reversible error, under section 4863 of the Civil Code of 1910, for the judge, in discussing with counsel the admissibility of testimony or similar matters in the progress of the trial, or in explaining his rulings upon questions of this nature, to refer to the evidence or to the statements of witnesses, provided he does not go out of the line of legitimate discussion upon the point presented, or use such language as to indicate apparent or actual judicial approval or disparagement of any witness or of any part of the testimony.
3. The evidence authorized both the finding of the jury and the amount of their verdict, and the trial judge did not err in refusing a new trial.

DECIDED NOVEMBER 16, 1917.

Action for damages; from Murray superior court—Judge Wright presiding. May 19, 1917.

Mrs. Rogers brought suit against the railroad company for personal injuries, alleging, that, in alighting from the defendant's train she was injured by the negligence of its agents; that when she started to get off the train she had a child in her arms, and that no stool was placed for her upon which to step; that the bottom step was some distance from the ground; and that as she started to step off, the train suddenly started forward, causing her to step, or fall, with considerable force to the ground. Her testimony supported, in the main, the allegations of the petition. It showed that she was a passenger on the train of defendant company; that when the train stopped at the station she started to get off, carrying a small child in her arms; that no stool was placed for her to step upon in getting down; that the flagman was on the bottom step, and did not give her any assistance; that as she started to alight the signal was given for the train to start, and that it suddenly started as she was alighting, causing her to fall or step with considerable force to the ground, with the child in her arms; that she was pregnant at the time, and had been so for four or four and a half months; that the sudden step and the force with which she came down to the ground injured her; that "wasting" set in, her health went down, she suffered pain, and finally, about three months after the occurrence, she had a miscarriage, which she alleges was a result of the injury; and that

since then she has continued to suffer pain and her health has been bad. There was considerable testimony tending to support her claim that she had been hurt by this occurrence, and that her health had suffered thereby. The testimony of the defendant's witnesses contradicted that of the plaintiff, and tended to show that no such occurrence as she detailed actually occurred. While the employees of the train did not remember the plaintiff being there on the occasion alleged, they testified as to their custom in assisting passengers from the train. Other testimony was offered in an effort to show that the injury did not happen as the plaintiff had testified, that she had not been injured, and that her health was good, etc. The jury found for the plaintiff $2,500. The court overruled a motion for a new trial, and defendant excepted.

*Tye, Peeples & Tye, C. N. King, D. W. Blair,* for plaintiff in error. *J. J. Bates, W. E. Mann, R. A. Hendricks,* contra.

HARWELL, J. (After stating the foregoing facts.) 1. In four grounds of the amended motion for new trial instructions to the jury are complained of. In the first, error is assigned upon an instruction on the subject of damages for pain and suffering, upon the ground that it was an expression of opinion by the court that the plaintiff was entitled to prevail. By examination of the charge it will be seen that in the preceding sentence the trial judge had instructed the jury that "if you find the defendant is liable, then you will look and see what amount of pain and suffering plaintiff has endured," etc. When taken in connection with the charge in immediate connection therewith, it was not error for the reason alleged in the motion.

The second and third grounds complain of certain instructions to the jury as to the care which the defendant owed the plaintiff, and as to whether the defendant exercised toward the plaintiff that degree of care, namely, extraordinary diligence, upon the ground that it was therein assumed that she was a passenger upon the defendant's train. When these charges are taken in connection with the entire charge of the court, it can readily be seen that this criticism is not well taken, as the court submitted to the jury the question whether or not the plaintiff was a passenger on the defendant's train.

In the fourth ground the charge of the court on the credibility of the witnesses and the weight to be given to the testimony is al-

leged to be error, in that the court told the jury that "if you see fit to do so, you may take into consideration their manner and demeanor upon the stand, their interest or their want of interest, the opportunity they may have to know the facts about which they testify," etc., upon the ground that the instruction was not given to the jury as a rule governing them in arriving at the truth, but allowed them, "if they saw fit," to consider the instruction the court was giving them. By reference to § 5732 of the Civil Code of 1910 it will be seen that this criticism is not well taken, as it is there said: "In determining where the preponderance of evidence lies, the jury *may* consider all the facts and circumstances of the case," etc. After all, it is for the jury to say what weight they will give to these matters in determining the credibility of witnesses.

2. In the fifth ground of the amended motion it is said that the following question was asked by counsel for the defendant company of the conductor, and that the following statements by the court were made: Q. "Was that the way she was landed at Ramhurst or not?" Counsel for the plaintiff objected upon the ground that the question was leading; whereupon the court said: "I understand this witness doesn't know anything about this lady being on the train." Counsel for defendant: "That's what he says." By the court: "He can't say that's the way she was landed at Ramhurst. I think it very clear without all this twisting around, with four hundred questions, that all this witness knows is that nothing out of the ordinary happened when he stopped there at Ramhurst; and why in the world we want to take this roundabout way, and take an hour at it, I don't understand." Movant assigns error upon this statement of the court, made in the presence of the jury, upon the ground that it was calculated to discredit the testimony of the defendant's conductor. We can not take this view of it. The conductor, when on the stand, had testified: "I don't remember a thing about this injury, if it occurred. I don't know anything about it. I don't remember the fact that Mrs. Rogers was on the train or that she got off. I don't remember anything that was done there on the 6th of October, 1913, except what was the custom and the rules of the company." The trial judge, therefore, in replying to counsel for defendant company, was simply reciting the previous testimony of the witness.

This witness, according to his testimony, did not remember the fact that Mrs. Rogers was on the train or that she got off, and could only say what happened from the custom and rules of the company. It was not error for the court to call attention to that fact, in ruling on the admissibility of the question. If the witness had been permitted to answer the question and had said that "she was landed that way at Ramhurst," it would have clearly been a conclusion and inadmissible. It is not reversible error, under § 4863 of the Civil Code, for the judge, in discussing with counsel the admissibility of testimony, to refer to the evidence or to the statements of witnesses, provided he does not get out of the line of legitimate discussion upon the point presented, or use such language as to indicate apparent or actual judicial approval, or disparagement, of any witness or any part of the testimony. *Realty Co.* v. *Ellis,* 4 *Ga. App.* 402 (6) (61 S. E. 832) ; *Jones* v. *Pope,* 7 *Ga. App.* 538, 540 (67 S. E. 280) ; *Chattahoochee Valley Ry. Co.* v. *Bass,* 9 *Ga. App.* 83 (7) (70 S. E. 683). "Observations of the court to counsel in the hearing of the jury during the progress of the trial, though open to criticism, if of but slight importance and only possibly, not probably, injurious, will not work a new trial." *Chattanooga etc. R. Co.* v. *Palmer,* 89 *Ga.* 161 (3) (15 S. E. 34). The statement by the court that a witness said a certain thing is not, in a legal sense, an expression of opinion as to the evidence. What is sworn is testimony; what is the truth deduced therefrom is evidence. *Williams* v. *Hart,* 65 *Ga.* 202 (5) ; *Barnes* v. *State,* 89 *Ga.* 316 (15 S. E. 313). We do not think that the statement of the trial judge discredited the testimony of the conductor; and if subject to criticism, it did not constitute such harmful error as will require the grant of a new trial. Moreover, it has been held that "prejudicial remarks made by the court in the hearing of the jury furnish no ground for a new trial, but in such a case a motion to declare a mistrial should be made, and upon the judge's refusal to grant this motion his ruling would be subject to review." *Stapleton* v. *State,* 19 *Ga. App.* 36 (13) (90 S. E. 1029), and cases cited; *Wilcox* v. *State,* 19 *Ga. App.* 83 (4) (90 S. E. 1032).

3. While the evidence was conflicting, the jury passed upon it, and the trial judge approved the verdict; and this court will not interfere. We think the evidence authorized the verdict, and can

not say that the amount of the verdict is excessive, as is contended by the plaintiff in error.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*