## 29497. DAVIS *v.* GILBERT.

DECIDED APRIL 14, 1942.

*C. H. Dalton,* for plaintiff.

*D. W. Mitchell, W. M. Henderson,* for defendant.

GARDNER, J.   The petition, construed as a whole, is one brought for damages for malicious prosecution.   It has been held by this court in *Clark* v. *Douglas,* 6 *Ga. App.* 489 (65 S. E. 304), that four elements are necessary in the tort action of malicious prosecution: (1) that the prosecution has terminated in favor of the plaintiff; (2) that the prosecution was instituted maliciously; (3) that it was brought without probable cause; and (4) that it has caused the plaintiff damage.   By reference to the allegations of the petition as above summarized it will be noted that the prosecution did not terminate in favor of the plaintiff.   The petition shows that after warrant was sworn out against him by the defendant he was indicted

and convicted. As to the third element, that the prosecution was instituted without probable cause, it was held in *Hartshorn* v. *Smith*, 104 *Ga*. 235 (30 S. E. 666) : "If in such case the accused be convicted in the trial court, such conviction, if not procured by fraud, is conclusive of probable cause, although the same on writ of error may be set aside by the Supreme Court." In *Darnell* v. *Shirley*, 31 *Ga. App.* 764 (4) (122 S. E. 252), this court held : "Want of probable cause is the gravamen of an action for malicious prosecution; and there can be no recovery by the plaintiff where there was any probable cause for the prosecution, even though it may appear that the prosecutor was actuated by improper motives."

Construing the petition most strongly against the pleader, there is no specific and definite allegation that the conviction was obtained by fraud. It is true that the petition contains certain loose general averments that the defendant obtained the conviction of the plaintiff in error when she knew that he was not guilty; however, these general averments are insufficient, as a matter of law, for the court to hold that the conviction was obtained by fraud. In view of these authorities the court did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*