32701. SALTER *v.* SALTER.

Decided October 27, 1949.

R. L. *Maynard*, *Charles Burgamy*, for plaintiff.
H. L. *Jackson*, *Fort & Fort*, for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The general grounds of the motion for a new trial will be considered in connection with special grounds 3 and 7 dealing with the objection of the plaintiff to the introduction in evidence of the verdict and decree of June, 1942, above quoted, and special ground 8 complaining of the direction of the verdict.

The general rule of law is that a copy of a verdict or decree' in an equity cause, unaccompanied by the bill, answer and other parts of the record, is not evidence. *Mitchell* v. *Mitchell*, 40 *Ga.* 11. Yet, where the only direct object to be subserved is to show the existence and contents of such judgment, a. properly authenticated copy of the judgment entry of a court of record possessing general original jurisdiction is admissible. *Gibson* v. *Robinson*, 90 *Ga.* 756 (16 S. E. 969, 35 Am. St. R. 250). In other words, a decree alone may be admitted in evidence to show that there is such a paper in existence, but not to show what issues contained in the record were thereby adjudicated. This is especially true when the decree, without more, is susceptible of more than one interpretation. The paper in question contains the provision that "the fee-simple title and the right of possession to the property hereinafter described is in

A. B. Salter." However, it also appears to show an outstanding security deed which vested title in the opposing party. It further ordered that Josephine Salter (the plaintiff here) recover $240 as back rent for the preceding four years, and therefore implies that A. B. Salter is the tenant of Josephine Salter. This is an ambiguity which might be explained on the ground that the fee-simple title is in A. B. Salter (as indeed it was, under the deed of 1911, subject to a life estate in the mother) but that the right of possession arose out of a rental contract, the mother being still in life. It might also be explained, as counsel for the defendant suggests in his brief, on the theory that up until June, 1942, A. B. Salter was the tenant of Josephine Salter but that the decree, on the basis of some other title acquired by him, such as a tax deed, divested the title from the plaintiff on that date but found in her favor as landlord for rent for the preceding four years. This court cannot determine, without the record of the equity case before it, which explanation, if either, is correct.

In *Holcombe* v. *Jones*, 197 *Ga.* 825, 830 (30 S. E. 2d, 903), the court held: "2. The court also fell into error in admitting in evidence the decree in the former suit in Forsyth County, offered for the purpose of showing that the main issue, that of title, had been adjudicated in said suit adversely to the contentions of the plaintiff in error; the objection to its introduction being that it was unaccompanied by the record in the suit on which it was based. The rule is well recognized in this State that, where a judgment is relied on as an estoppel, or as establishing any particular state of facts of which it is the judicial result, it can be proved only by offering in evidence the entire proceedings in which the same was rendered. *Mitchell* v. *Mitchell*, 40 *Ga.* 11; *Gibson* v. *Robinson*, 90 *Ga.* 756 (16 S. E. 969, 35 Am. St. R. 250); *Kerchner* v. *Frazier*, 106 *Ga.* 437 (32 S. E. 351); *Little Rock Cooperage Co.* v. *Hodge*, 112 *Ga.* 521 (37 S. E. 743); *Patterson* v. *Drake*, 126 *Ga.* 478 (55 S. E. 175). The decree did not show on its face that it was a consent decree."

It was therefore error for the court to allow in evidence the copy of the decree of June, 1942, without the record on which it was based. Without this decree, there is no evidence that A. B. Salter was other than the tenant of his mother, the plain-

tiff. In fact, the defendant's counsel stipulated: "We admit the deed of 1911; we admit from 1911 on up to about 1938 or 1939 when A. B. Salter received a deed from Mrs. W. R. Drane; it is admitted she [Josephine Salter] collected rent between those dates and had a perfect right to up to that time."

There being in the record no evidence as to the deed referred to in this stipulation, it must be presumed that the tenancy continued. A fact once proved to exist is presumed to continue until the contrary be shown. *Clark* v. *Baker,* 186 *Ga.* 65 (196 S. E. 750).

As to the defendant, Mrs. A. B. Salter, the uncontradicted testimony shows that whatever claim she has to the possession of the premises is by descent under her deceased husband. "As the tenant cannot dispute the landlord's title, neither can his heirs do so, while retaining the possession which he held and standing solely in his right. What would estop him will, in such circumstances, estop them." *Lewis* v. *Adams,* 61 *Ga.* 559. Her failure to show that no tenancy in fact existed between A. B. Salter and the plaintiff by controverting the testimony to that effect precluded her successful defense against the dispossessory proceeding.

It was therefore error, as contended in special ground 8 of the amended motion for a new trial, for the court to direct a verdict in favor of the defendant.

■ Special ground 6 complains of the court's refusal to admit in evidence, over objection, a purported tax deed conveying the interest of Mrs. Josephine Salter to one W. R. Drane, dated April 6, 1938, and special ground 2 complains of the exclusion of certain tax fi. fas. alleged to have been satisfied by the plaintiff on September 25, 1935. The court properly excluded these documents when offered by the plaintiff, since it is no part of the issue in a dispossessory proceeding that the plaintiff set up his adversary's claim to title for the purpose of proving that the same was illegally obtained.

The burden is on the defendant to show that he has a right of possession stronger than the claim asserted by the plaintiff, after the plaintiff's case is prima facie established. Therefore, the exclusion of the tax deed, which it is alleged was a link in the *defendant's* chain of title, could not have harmed the plaintiff

in any way, but was a ruling favorable to him. The appellant can never complain of a charge or ruling favorable to himself. *Daughtry* v. *Ga. Power Co.*, 61 *Ga. App.* 505 (2) (6 S. E. 2d, 454).

As to the tax fi. fas., they were completely irrelevant to any issue in the case, and there was no error in refusing to admit them over timely objection. A dispossessory proceeding is not the proper method of attacking the validity of a deed, even had the deed in question been before the court, which in this case it was not.

■ Special grounds 4 and 5 of the amended motion for a new trial disclose no motion or objection made by counsel for the complaining party which would invoke a ruling of the trial court. It appears that counsel in both instances made a statement to the court of certain conditions he contended existed, and the court's reply was indicative that his opinion was contrary thereto. These grounds are insufficient to present any question for determination by this court. See many cases cited under Code (Ann.) § 70-207, catchwords, "Assignment of error."

■ The first ground of the amended motion for a new trial contends that the trial court erred in refusing to permit the plaintiff to prove that the conduct of A. B. Salter and his wife was disagreeable and unpleasant toward another tenant in the house.

The trial court properly sustained the objection to this evidence, as the same was immaterial to any of the issues of the case.

For the reason set out in division 1 of this opinion, the trial judge erred in overruling the plaintiff's motion for a new trial as amended.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*