32573. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE
*v.* FREEMON.

GARDNER, J. (a) Mrs. Minie L. Freemon entered suit against the Life & Casualty Company of Tennessee on an insurance policy for the

444

principal sum of $1000 and damages and attorney's fees. The plaintiff was named the beneficiary in an insurance policy on the life of her son. The policy provided, among other things, that the defendant would not be liable under the policy if the insured came to his death by reason of operating a motorcycle. The jury returned a verdict in favor of the plaintiff for the principal sum of $1000 the principal amount of the policy, and $20.20 interest, and $333.33 attorney's fees. The defendant filed a motion for a new trial on the general grounds only. This motion was overruled and on this judgment the defendant assigns error here.

(b) The jury would have been authorized, under the evidence, to have found that under all the facts and circumstances of the case the insured came to his death by reason of riding or operating a motorcycle. On the other hand, however, the jury were authorized under all the facts and circumstances, to find that the insured did not come to his death by reason of riding or operating a motorcycle. This being true, the verdict of the jury was authorized by the evidence. The trial court approved the verdict. This court is without authority to set it aside, insofar as the principal amount of the policy and interest thereon of the recovery are concerned.

(c) We come next to consider whether the portion of the judgment for attorney's fees should stand under the record in this case. The burden was on the plaintiff to show bad faith on the part of the defendant in refusing to pay the claim within sixty days after demand. *Pearl Assurance Company Ltd.* v. *Nichols*, 73 *Ga. App.* 452 (37 S. E. 2d, 227). This court held in *North British Ins. Co.* v. *Parnell*, 53 *Ga. App.* 178, 182 (185 S. E. 122) that refusal of an insurance company in "bad faith" to pay means in Georgia a frivolous and unfounded denial of liability. If there is any reasonable ground for contesting the claim, there is no bad faith. Though ordinarily these are questions for the jury, if there is no evidence of such frivolous or unfounded refusal to pay, or if the question of liability is a close one, the court for the furtherance of justice should see to it that a verdict which illegally carries a penalty for bad faith is not allowed to stand. Under the whole record in this case, the allegation and the evidence that the refusal of the defendant to pay the principal amount of the policy was "frivolous and unfounded" are without merit, for it is our opinion that the plaintiff failed to prove bad faith on the part of the defendant. Let the amount of the attorney's fees be written off the judgment within ten days from the date the remittitur is received in the court below. Otherwise the judgment stands reversed.

*Judgment affirmed with direction. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 10, 1949.

*H. C. Cox*, for plaintiff in error. *A. M. Kelly*, contra.