## 36548. RESERVE LIFE INSURANCE CO. *v.* PEAVY.

QUILLIAN, J. 1. If negotiations are pending between an insurance company and an insured as to the canceling of a policy, but the minds of the parties have not met and a cancellation has not become actually effective at the time a claim arises, the insurance company cannot use the cancellation of the policy as a defense. *Home Ins. Co. of New York* v. *Chattahoochee Lumber Co.*, 126 *Ga.* 334 (55 S. E. 11).

2. For a notice to an insured to be the basis of a cancellation of an insurance policy it must positively and unequivocally indicate ". . . to the insured that it is the intention of the company that the policy shall cease to be binding as such upon the expiration of the stipulated number of days from the time when its intention is made known to the insured. The notice

is not sufficient, however, if it is equivocal, or merely states a desire or intention to cancel." 29 Am. Jur. 263, § 283; *Chambers* v. *Washington National Ins. Co.*, 66 *Ga. App.* 509, 511 (17 S. E. 2d 899).

3. This being an appeal from the first grant of a motion for a new trial, the only question to be determined is whether the trial judge abused his discretion. *Seaboard Air-Line Ry.* v. *Reid*, 6 *Ga. App.* 18 (63 S. E. 1130); *Sumner* v. *Sumner*, 186 *Ga.* 390 (197 S. E. 833). In the present case there was sufficient evidence that the plaintiff, while the policy was of force, became ill and was hospitalized; the evidence did not require the finding that the defendant positively and unequivocally canceled the policy prior to the time the plaintiff's claim arose.

4. The trial judge did not err in granting the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED FEBRUARY 6, 1957—REHEARING DENIED
FEBRUARY 22, 1957.

*Martin, Snow & Grant*, for plaintiff in error.

*Adams, O'Neal & Steele, H. T. O'Neal, Jr., Robert E. Steele, Jr.*, contra.

W. F. Peavy filed an action in the Civil Court of Bibb County to recover on a hospital and surgical expense policy.

The plaintiff alleged that the policy was in full force and effect at the time he became hospitalized on February 12, 1953, and that the defendant refused to pay the benefits due him under the terms of the policy.

The defendant's answer denied that the policy was in force at the time of the plaintiff's hospitalization because it had lapsed and the defendant had refused to accept the renewal premiums tendered by the plaintiff.

Upon the trial of the case the evidence disclosed that the parties communicated several times by letter before and after the plaintiff was admitted to the hospital. On January 7, 1953, the plaintiff mailed the defendant a money order in the amount of $5.15 which was for the payment of premiums on the hospitalization policy for himself and his wife.

On January 20, 1953, the defendant wrote the plaintiff a letter stating: "Thank you for your payment of $5.15. Before applying it for a premium we need your cooperation in returning the policy in order that we may discontinue the coverage for Mrs. Emma Lee Peavy.

"You will find stated on your policy in large type that it is renewable at the option of the company only. This means that, like other hospitalization companies, we reserve the right to accept or not to accept a premium payment on any date that a premium is due. Although we can't tell you exactly why we can no longer insure Mrs. Peavy, you will be pleased to know that this decision will *not* in any way affect the payment of benefits which may be due for any claim now pending.

"We shall be glad to continue the policy in force without her name if you will please return it in the enclosed envelope. An amended policy bearing the original issue date, and receipt for the payment can be sent to you."

The defendant again wrote the plaintiff on February 2, 1953, reminding him of their letter of January 20, 1953. The plaintiff then sent the defendant another money order for $5.15 for the February payment of the premiums covering both himself and his wife, and stating he wanted to keep the coverage on his wife if they would pay a claim due her.

The plaintiff then received another letter from the defendant dated February 10, 1953, stating: "Thank you for your recent correspondence regarding the above numbered policy, as well as another payment in the amount of $5.15.

"As stated to you in previous correspondence, we will be unable to apply these payments until the policy has been returned in order that we might discontinue the coverage for Mrs. Emma Lee Peavy. Also stated in these letters, this decision will in no way affect the payment of benefits which may be due for any claim now pending."

The plaintiff had never answered this letter when he received another dated February 24, 1953, stating: "As the policy has not been received we believe that you do not wish to accept the proposed change which would permit us to continue it. Enclosed is your payment of $10.30.

"If, at some later date, you decide to place the insurance back in force with the change, you may send the policy with premium payment. We shall be glad to consider reinstatement."

The plaintiff then returned the defendant $5.15 and stated he wanted to keep his insurance effective.

The defendant cashed the first money order the plaintiff sent it and made the refund of this money with a check drawn on its general account.

The plaintiff and his wife testified as to the date of his illness and as to when he entered the hospital.

At the conclusion of the evidence the jury rendered a verdict for the defendant and the plaintiff made a motion for new trial. The trial judge granted the motion and the defendant excepts to that ruling.