37108. RESERVE LIFE INSURANCE COMPANY v. PEAVY.

DECIDED SEPTEMBER 19, 1958—REHEARING DENIED OCTOBER 3, 1958.

Martin, Snow, Grant & Napier, for plaintiff in error.

Adams, O'Neal & Steele, H. T. O'Neal, Jr., Robert E. Steele, Jr., contra.

QUILLIAN, Judge. 1. Under the law of this case (Reserve Life Ins. Co. v. Peavy, 95 Ga. App. 195, 97 S. E. 2d 542), as a matter of law the policy issued by the defendant to the plaintiff had not lapsed when the claim sued for arose.

2. Under the law of this case (Reserve Life Ins. Co. v. Peavy, 95 Ga. App. 195, supra), the jury was authorized to find that the evidence was sufficient to show that the plaintiff-insured was in good health and free from disease at the time of the issuance of the policy and for fifteen days thereafter, and according to the standard stated in the opinion of this court on the first appearance of the case here (Reserve Life Ins. Co. v. Peavy, 94 Ga. App. 31, 93 S. E. 2d 580).

3. Since it already appeared in a letter from the defendant to the plaintiff, which letter was in evidence, that the insurer could not tell the plaintiff why it could no longer afford coverage for the plaintiff's wife, the admission of the testimony of the same import which is excepted to in special ground 20 of the amended motion for a new trial was not harmful. ·

4. Since counsel for both parties made improper remarks and since the instructions of the court properly removed this matter from the jury's consideration, it was not error, under the facts of this case, for the judge to refuse to grant a mistrial as complained of in special ground 19 of the amended motion for a new trial. The remarks of both counsel for plaintiff and defendant referred to matters not in the record, and hence were not permissible. It is not always true that the impropriety of statements made by counsel for the opposite parties can be balanced the one against the other, but where as in this case, they concerned the same matter and were equally prejudicial they may be fairly balanced and held to neutralize each other.

5. In a suit on an insurance policy whether the insurance company acted in bad faith in refusing to pay the loss which the policy purports to cover is usually for the jury. *National Life &c. Ins. Co.* v. *Moore,* 86 *Ga. App.* 618, 626 (72 S. E. 2d 141); *Life & Cas. Ins. Co. of Tenn.* v. *Freemon,* 80 *Ga. App.* 443, 444 (56 S. E. 2d 303). In the present case as in *Metropolitan Life Ins. Co.* v. *Lathan,* 77 *Ga. App.* 6 (1) (47 S. E. 2d 596) the question of whether the insurance company acted in bad faith was for the jury. The evidence in this case amply authorized the award of attorney's fees to the plaintiff. There is no merit in the ground of the motion for new trial excepting to the verdict on the ground that it included the attorney's fees.

6. Special ground 21 is without merit. The remaining special grounds of the amended motion for a new trial except grounds 23 and 24 are covered by the rulings in divisions 1, 2 and 5 above.

7. The twenty-third ground of the amended motion for new trial complains of the exclusion of a verdict and judgment found and entered up in the defendant's favor on the former trial of the same case offered, as stated by movant's counsel, for the purpose of refuting the charge made in the petition that the de-

fendant in bad faith refused to pay the loss for which the suit was brought.

Code § 56-706 provides that when it is made to appear to a jury trying a case brought to recover loss covered by an insurance policy that the insurance company within 60 days after demand for payment of the loss, in bad faith refuses to pay the same the policy holder may recover, in addition to the amount of the loss, 25 percent damages and reasonable attorney's fees.

The petition alleged that the defendant was liable to him for the loss covered by an insurance policy and after the requisite demand, in bad faith, refused to pay the loss and hence he was entitled to recover in addition to the amount of the loss the statutory penalty and attorney's fees.

Liability for the penalty and attorney's fees attaches at the time when the insurer in bad faith and within sixty days after demand for payment of the loss fails or refuses to pay the same; this is true regardless of whether at a later date there is reasonable cause to refuse the claim of loss. *Independent Life &c. Ins. Co.* v. *Hopkins,* 80 *Ga. App.* 348 (3) (56 S. E. 2d 177).

It is held that probable cause for refusing payment for a claim will negative imputation of bad faith on the part of the insurer. *Georgia Life Ins. Co.* v. *McCranie,* 12 *Ga. App.* 855, 860 (78 S. E. 1115); *Life & Cas. Co. of Tenn.* v. *Smith,* 51 *Ga. App.* 122 (2) (179 S. E. 744).

"A defence going far enough to show reasonable and probable cause for making it, would vindicate the good faith of the company as effectually as would a complete defence to the action. On the other hand, any defence not manifesting such reasonable and probable cause, would expose the company to the imputation of bad faith and to the assessment of damages therefor under § 2850 of the Code." *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 751, 765 (12 S. E. 18).

A verdict of guilty not obtained by fraud has been held by our appellate courts to be conclusive evidence of probable cause for the prosecution. *Davis* v. *Gilbert,* 67 *Ga. App.* 277 (19 S. E. 2d 920); *Hartshorne* v. *Smith,* 104 *Ga.* 235 (30 S. E. 666). The same rule has been applied in cases of malicious abuse of civil process. In *Georgia Loan &c. Co.* v. *Johnston,* 116 *Ga.* 628, 630

(43 S. E. 27) it is held: "The same rule applies in actions for damages alleged to have been sustained in consequence of the malicious use of legal process in civil cases."

The United States Circuit Court of Appeals in Fireman's Fund Ins. Co. of San Francisco *v.* McConnell, 198 Fed. 2d 401, 402, extended the ruling to include verdicts in the favor of defendant insurance companies as evidence of probable cause for refusing to pay losses. We are not bound to follow the holding, and are not inclined to adopt all that is held in the McConnell case. We are of the opinion that for the general rule to be applied to the defense of a suit to recover loss covered by an insurance policy, the previous verdict in the insurer's favor would not only have to be not obtained by fraud, but must also meet the requirements that it has been found upon the merits of the case and not to have resulted from the insured having been illegally prevented by some error of the court from making out his case and showing that he was according to the terms of the policy prevented from proving that the insurer was liable to him for the loss. For instance, if the court ruled out admissible evidence necessary to show jurisdiction or any other essential element of the insurer's case, or so charged as to prevent a fair consideration of facts necessary to show the insured's right to recover, or erroneously place upon the insured the burden of proving a fact not legally necessary in making out the case, it could not be held that the jury ever passed upon the facts of the case, so that the verdict rendered would be indicative, much less conclusive, that the defense to the action was interposed upon probable cause. In this connection it should be observed that the basis upon which a verdict of guilty in a criminal case or a finding for the plaintiff in a civil case is proof of probable cause lies in the assumption, that whatever was the ruling on evidence, the jury was permitted to see the true foundation upon which the prosecution or plaintiff predicated his faith that there was probable cause to institute the proceedings. While in the circumstances referred to in the preceding discussion, it is very clear that the factual merits of the insured's cause are not passed upon by the jury and the verdict of the jury, when set aside is not an adjudication, that there was ground for a reasonable belief, probable cause, for the interposi-

tion of the insurer's defense to the action. The same reasoning is appropriate when, as in this case, the trial judge permits the insurer to defend upon a ground held by this court not to constitute a legal defense. In the instant case the defense interposed by the defendant was that the policy had been canceled and notice of the cancellation had been given the plaintiff in compliance with the terms of the policy.

This court held on a former appearance of the case here, that the facts pleaded were not sufficient to show that the notice of cancellation was given the defendant. *Reserve Life Ins. Co.* v. *Peavy,* 95 *Ga. App.* 195, supra.

What is written is for the purpose of demonstrating that a verdict and judgment in the insured's favor alone would not show either that they were not obtained by fraud or under other circumstances of the nature we have outlined, and without the aid of the record of the trial in which the verdict was returned and the judgment entered constituted no proof that the defense interposed by the insurer on the former trial was upon probable cause or made in good faith.

It has been held in *Patterson* v. *Drake,* 126 *Ga.* 478 (3) (55 S. E. 175), "When it is sought merely to establish the fact that a judgment has been rendered, a certified copy of the judgment without the proceedings prior thereto is admissible. Aliter, when the judgment is sought to be used as an estoppel upon the parties thereto." But where as in this case it is necessary to show the basis upon which the verdict and judgment are found and entered up as well as their existence, it is held the record of the case must be offered with the verdict and judgment. *Salter* v. *Salter,* 80 *Ga. App.* 263 (1) (55 S. E. 2d 868).

So unless the trial court was bound to take judicial cognizance of the rest of the record made in the previous trial, the verdict and judgment were properly excluded. The latter question has given the court much concern and required extensive research. If a matter is one of which the trial court must take judicial notice no proof of it is necessary. The Supreme Court has held, two justices dissenting, that the superior court may upon its own motion take cognizance of what transpired on a former hearing of the case. *Howell* v. *State,* 162 *Ga.* 14, 20 (134 S. E. 59).

However, the opinion contains the expression, "The order of the court changing the venue from the Superior Court of Bibb County to the Superior Court of Houston County is not a matter that the jury could take into consideration at all. That related to the question of jurisdiction, and jurisdiction is a question for determination by the court and not the jury, and, as appears from the added record sent up, the court ordered the case tried in Houston County on motion of plaintiff in error himself. Consequently, to have introduced in evidence that record ordered transferred from Bibb Superior Court to Houston Superior Court could have been of no benefit or service to the jury."

From the holding in the case of *Clifton* v. *State*, 53 *Ga*. 241 (3) it appears that the trial court is not required to judicially notice those matters not brought to its attention in some appropriate manner. In that case it is held: "The superior courts are not bound to take judicial cognizance of what had previously transpired before them, unless the records of such proceedings are exhibited as evidence." Authority for the same view is found in an authorative text book. "Judicial notice being a dispensation of one party from producing evidence, it would seem that the party must, in point of form, make a request for it. Upon this request, the court is bound, it is sometimes said, to declare the fact noticed, or at least to make that investigation (post § 2569) which it deems necessary." 9 Wigmore on Evidence 536, § 2568.

In the instant case judicial notice of what had transpired upon the former trial or the record of that trial was not invoked or suggested. Hence, the trial judge, though perhaps he might, was not compelled to take notice of the previous record. The ground is without merit.

8. Special ground 24 of the amended motion for new trial excepts to the denial of the defendant's motion for mistrial. The ground alleges that in excluding the verdict rendered on a former trial of the same case as evidence the court addressed the following to the jury: "I sustain the objection because, gentlemen of the jury, in the other case I reached a very definite conclusion that the jury was wrong, and I granted a new trial solely because I thought the jury had made a mistake. That's the reason a new

trial was granted, and the case went to the Court of Appeals and the Court of Appeals affirmed me. It was certioraried to the Supreme Court, and the Supreme Court denied the certiorari, and the case is back here. Alright, what next."

The language of the motion is: "Motion for mistrial by Mr. Grant: Well, Your Honor, I want to make a motion for a mistrial on the ground of the statement just completed to the jury by Your Honor in stating that Your Honor reached a conclusion that the other jury was wrong, and made a mistake, in that it amounts to an expression of opinion by the trial judge before this jury on the evidence adduced, and on the question of which party ought to prevail."

It is obvious that the remarks of the judge did not amount to an expression of opinion as to what had been proved on the trial of the case then in progress because it did not allude to the evidence adduced upon that trial, but in the case of Oliveros v. State, 120 Ga. 237, 242 (47 S. E. 627, 1 Ann. Cas. 114) it is written: "Expression of opinion as to the weight of evidence may or may not be error, according to the circumstances under which the opinion is expressed; but even where error, it need not be a violation of the Civil Code, § 4334." (The Code section alluded to in the opinion is § 4334 of the Code of 1895 which now together with another Code section is embodied in § 81-1104, Code of 1933).

So the question remains for decision as to whether what the court said was an expression of opinion as to which party ought to prevail on the trial of the case.

The record discloses facts pertinent in determining that question: Upon the introduction of the verdict rendered on the former trial counsel for the defendant stated: "Your Honor, it's admissible on this theory. We are charged in this case with being guilty of bad faith, and refusing to pay this claim. The law says that if there is any reasonable ground for refusing to pay that the company is not guilty of bad faith and attorney's fees and damages cannot be recovered, and I think it's proper as a showing of our good faith to show that a jury on the trial of the issues thought that there was a sufficient ground for refusing payment, that they found in our favor and brought in a verdict

for the defendant. It certainly shows whether we were guilty of good faith or bad faith because if we're guilty of bad faith the jury that found it would be guilty of the same kind of faith in saying they were not entitled to damages." Then before the judge made the remark complained of there was a colloquy between the court and counsel for the respective parties. The fact that the verdict in question had been set aside by the trial judge in the exercise of his discretion and that his judgment had been affirmed by the appellate courts was discussed. In referring to the verdict plaintiff's counsel asserted: "This court held that was an erroneous mistake, and so has both appellate courts of Georgia." Counsel for the defendant made no objection to the remark, not suggesting that it was improper but rejoined: "Now, Your Honor, all the court says is that the trial judge has a wide discretion in granting or refusing a new trial, and when he grants one they're not going to disturb it unless it was clearly an abuse of discretion."

When the motion for mistrial was made the judge stated to counsel in the presence of the jury "I didn't say why they were wrong and instructed the jury: Gentlemen of the jury, the statement I made to you had to do with the fact that counsel for the defendant didn't exactly offer in evidence, but made the statement that he wanted to offer in evidence the verdict of the jury in this case which had been previously tried. It is my opinion that whatever that jury did has nothing on earth to do with what this jury may do. If the verdict of that jury controlled this case, there wouldn't be any need of trying it, and it wouldn't be here for trial. So you are not concerned with that verdict at all, one way or the other, shape, fashion, or form. My explanation was simply in reply to what counsel had said in offering it in evidence, and in that connection I want to specifically call your attention to what I am now about to say, and get this in the record. I want you to know that it is certainly not my purpose, and far from my desire to express any opinion concerning the facts of this case. If I have said or done anything during the trial of this case which may have caused you to form the idea that I have expressed any opinion concerning the facts of the case, it is your duty to disregard the same which is here

and now specifically withdrawn, and as I have said, it is your duty to disregard anything which may have transpired in connection therewith. Of course, that does not apply to the facts in the pleadings which are admitted concerning which I may later charge you." The judge charged the jury: "You should not be concerned with what may or may not have occurred on any previous trial relating to anything the jury may or may not have done, and you are not concerned and should not be concerned about any order I have entered previously to this trial. You are trying this case at this time, and my former order granting a new trial should concern you not at all" and at the conclusion of his charge instructed the jury, "In conclusion, I want to repeat what I have formerly said during the trial. I want you to know that it is certainly not my purpose and far from my desire to express any opinion concerning the facts of this case. If I have said or done anything during the trial of this case which may have caused you to form the idea that I have expressed any opinion concerning the facts of the case, it is your duty to disregard the same which is here and now specifically withdrawn, and as I have said, it is your duty to disregard anything which may have transpired in connection therewith."

In *Warnack v. State,* 7 *Ga. App.* 73, 75 (66 S. E. 393) a somewhat similar situation as that which appears from the instant record is dealt with. In the *Warnack* case is the following statement of facts and ruling: "In charging the jury the court made the following statement: 'Now, gentlemen, in view of what has been said by counsel, it is proper that this court should state that neither this court nor the Court of Appeals has either directly or indirectly criticized the verdict of the jury in their findings of facts. It is a question of law which the Court of Appeals dealt with, and not a question of fact, in reversing this case.' Exception is made to this statement on the ground that it was in the nature of an argument in favor of the State, and was harmful to the defendant, and intimated to the jury that the verdict of guilty in the former trials was based upon sufficient facts. While the verdict of any former jury was a matter of no concern to the jury then trying the issues between the State and the defendant, and such previous verdict should not

have been referred to, either by court or counsel, this court, in the absence of any statement in the exceptions, as to what was said by counsel in reference to the former trials, will presume that the statement of the trial court on this subject was fully authorized by the comments of counsel.

"Error is assigned upon the following excerpt from the charge: 'The law presumes they are all honest and speak the truth, but if, after an honest effort to reconcile the evidence, you are unable to do so, then you may believe that which to you seems the most reasonable and credible,—that which as honest, conscientious, upright, intelligent jurors, wanting to do right and render a just verdict, you believe to be the truth of the alleged transaction or transactions, viewing them in the light of all the surroundings as detailed from the witness stand, and in the light of human conduct, of reason, and common sense.' It is said that this was an invasion by the court of the province of the jury, and that the court erred in telling the jury what they might believe, as this was a matter entirely with them. This charge of the court is entirely without error and the criticism thereon wholly without merit."

Here the verdict rendered on the former trial was inadmissible and "was not a matter of concern to the jury" then trying the issues.

Without presenting the record of the case together with the verdict and judgment in evidence, by either introducing it in evidence or invoking judicial notice of the same, it not appearing that the judge on his own motion took judicial cognizance of such record, the verdict and judgment rendered and entered up upon the former trial of the case were no more admissible or proper for the jury to consider than was the verdict in *Warnack* v. *State*, 7 *Ga. App.* 73, supra. The part of the statement made in this case by counsel for the defendant when introducing the verdict and judgment was permissible and proper. This is true because ordinarily when counsel in good faith introduces evidence, he may point out the reasons he thinks it admissible, including its materiality and relevancy to the issues of the case.

There was however, another part of the same statement, the last sentence, that suggested that if the jury then hearing the

case found the defendant acted in bad faith in refusing payments of the plaintiff's claim of loss such finding would reflect upon the good faith of the jury that returned the verdict offered in evidence; this was not proper. It was the judge's duty to instruct the jury so as to remove from their minds the impression that the verdict offered in evidence should in any manner, or in respect to any issue of the case, be considered by them or be allowed to influence their verdict.

The general rule is: "A trial judge can state his reasons for admitting or refusing to admit evidence, if such reasons are pertinent to the objections to evidence and the ruling made thereon; and this statement does not constitute such an expression of opinion as is violative of § 4334 of the Civil Code (§ 81-1104 of the Code of 1933)." *Sloan* v. *Glaze*, 72 *Ga. App.* 415, 418 (33 S. E. 2d 846).

In *Realty Company* v. *Ellis*, 4 *Ga. App.* 402 (61 S. E. 832), and *Louisville & Nashville R. Co.* v. *Rogers*, 21 *Ga. App.* 324 (94 S. E. 321) is the holding that the judge may, in the presence of the jury, give his reasons for excluding evidence, "provided he does not go out of the line of legitimate discussion of the point presented."

Whether the remarks of the court went further than was necessary to inform the jury that the verdict returned on the former trial should not be considered by them and to eradicate the effects of its introduction, did not amount to an expression of an opinion as to which of the parties should prevail in the case then in progress.

The jury may have inferred that since the judge expressed the opinion that the jury on the former trial were wrong and made an error in finding for the defendant on the former trial of the case, that he was also of the opinion that a verdict for the defendant on the trial then being conducted would likewise be wrong.

But such implication was not necessarily true and may not have been drawn by a jury of intelligent men who were aware that the record of the previous trial was not before them, and that the issues and evidence on the former trial may have been

materially different from those they had before them and were considering. The jury could not have failed to know from the very explicit instructions given them by the court that neither his ruling in granting a new trial, nor any thing connected therewith carried with it any implication that the judge entertained an opinion as to who should prevail in the trial then in progress.

9. The court did not err in denying the defendant's motion for a judgment notwithstanding the verdict and did not err in denying the amended motion for a new trial.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle, and Nichols, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. The insurance policy involved here provided that it was renewable every thirty days at the option of the company only. There was only one policy which insured Mr. Peavy and his wife. The correspondence by the company with Mr. Peavy is shown in *Reserve Life Ins. Co. v. Peavy,* 95 *Ga. App.* 195 (97 S. E. 2d 542). The company desired to continue Mr. Peavy's insurance but did not desire to insure Mrs. Peavy. Whether it used the wisest method to obtain the results it wanted, it seems to me that it had a right to contest the issue as to whether it was estopped under the circumstances to contend that Mr. Peavy's insurance had not been extended without being penalized. There was no evidence that the company had no good reason to discontinue Mrs. Peavy's insurance. In addition to the above the question as to whether Mr. Peavy was in good health and free from disease at the date of the issue of the policy and for fifteen days thereafter was a close question and the jury could have found either way.

I think the verdict for penalty and attorney's fees was unauthorized. *American Nat. Ins. Co. v. Holbert,* 50 *Ga. App.* 527, 528 (179 S. E. 219); *Life & Cas. Ins. Co. of Tenn. v. Freemon,* 80 *Ga. App.* 443, 444 (56 S. E. 2d 303); Albergotti *v.* Equitable Life Assurance Soc. of the United States, 48 Fed. Supp. 290, 291; *Cotton States Life Ins. Co. v. Edwards,* 74 *Ga.* 220 (4); *Travelers Ins. Co. v. Sheppard,* 85 *Ga.* 751 (4) (12 S. E. 18); *Southern Ins. Co. v. Ray,* 40 *Ga. App.* 262 (149 S. E. 304); *Life & Cas. Ins. Co. v. Blackburn,* 59 *Ga. App.* 479 (1 S. E. 2d 450); *New*

*York Life Ins. Vo.* v. *Ittner,* 64 *Ga. App.* 806 (14 S. E. 2d 203);
*Pearl Assurance Co., Ltd.* v. *Nichols,* 73 *Ga. App.* 452 (37 S. E.
2d 227).