### 54828. SPEARMAN et al. v. JAUDON.
### 54829. CHAPMAN v. JAUDON.

QUILLIAN, Presiding Judge.

The instant companion appeals were brought from the sustaining of defendant's motions for judgment on the pleadings. The motions were predicated on the fact that in a former action judgment had been rendered for the defendant and this was now res judicata as to the present suits. The former judgment was attached as an exhibit to each of the motions for judgment on the pleadings, but the record of the prior case was not introduced or made a part of the present record. *Held:*

Before a judgment in a former action will operate as res judicata it must appear that the former action was based on the same cause of action and between the same parties or their privies. *Lewis v. Price,* 104 Ga. App. 473, 474 (1) (122 SE2d 129). The suits must involve the same subject and substantially the same prayer and must be between the same parties. *Stevens v. Stembridge,* 104 Ga. 619, 622 (31 SE 413).

In order to determine if the requisites of the doctrine of res judicata have been met, the record of the prior case must be examined. "Thus, if a prior case is to have a res judicata application, the record of the prior case must be introduced in evidence." *Doyal & Associates v. Blair,* 138 Ga. App. 314, 315 (226 SE2d 109). See *Salter v. Salter,* 80 Ga. App. 263, 266 (55 SE2d 868); *Holcombe v. Jones,* 197 Ga. 825, 830 (30 SE2d 903).

Furthermore, "the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court." *Altman v. Fla.-Ga. Tractor Co.,* 217 Ga. 292 (3) (122 SE2d 88). Accord, *Boston Ins. Co. v. Barnes,* 120 Ga. App. 585, 587 (171 SE2d 626); *Watts v. Kundtz,* 128 Ga. App. 797, 798 (2) (197 SE2d 859).

In this case since there is no evidentiary showing that the former case is res judicata, the former record was not proffered and judicial notice as to what previously transpired could not have been taken, it was error for the trial judge to sustain the defendant's motions.

*Judgments reversed. Shulman and Banke, JJ., concur.*

SUBMITTED NOVEMBER 8, 1977 — DECIDED FEBRUARY 9, 1978 — REHEARING DENIED MARCH 7, 1978 — CERT. APPLIED FOR.

*Crawford & Erb, Ronald C. Crawford, Robert J. Erb,* for appellants.
*Willis J. Richardson, Jr.,* for appellee.